MORRISTOWN–MADISON AUTO BUS COMPANY, PROSECU-
TOR, v. BOROUGH OF MADISON.

Submitted July 3. 1913—Decided November 10, 1913.

1. The object of the Motor Vehicle act (*Comp. Stat., p.* 3435) was
to secure the right of the road to the new method of travel free
from interference by conflicting legislation of municipalities, but
not to prevent municipalities from regulating the conduct of
business by means of licenses in the long-accustomed way.
2. The Motor Vehicle act is not repealed by the act of 1905 (*Pamph.
L., p.* 360) as amended in 1912 (*Pamph. L., p.* 209) authorizing
municipalities to impose license fees for the purpose of revenue.
3. The act of 1912 (*Pamph. L., p.* 209) authorizing municipalities
to impose license fees for the purpose of revenue, is applicable
only to business conducted wholly within the municipality.
4. A borough ordinance made it unlawful to make use of any motor
vehicle within the borough for the transportation of passengers
for compensation without license as provided in the ordinance.
The borough council was authorized to grant licenses to persons
keeping and using for hire vehicles for the transportation of
passengers within the borough. *Held,* that the prohibition was
necessarily limited by the restriction of the licensing power of
the council to the use of vehicles for transportation of passengers
within the borough, and did not apply to the transportation of
passengers from a point in the borough to a point in another
municipality.

On *certiorari.*

*Certiorari* to review an ordinance for the licensing of hack-
men and others and a conviction thereunder. The original
ordinance required a license from any person who kept or used
for hire any vehicle for transportation of passengers from any
point within the borough of Madison. The license required
was provided for in section 5, which authorized the borough
council to grant licenses under the borough seal to persons
keeping and using for hire vehicles for the transportation of
passengers within the borough of Madison. Of this ordinance
the prosecutor did not complain. In 1912, by a supplement, it
was made unlawful to make use of any motor vehicle within
the borough of Madison for the transportation of passengers

for any fee or compensation without being first licensed as provided by the ordinance.

The prosecutor is a New Jersey corporation operating a motor bus between the park, in Morristown, and the tracks of the Morris County Traction Company, on Ridgedale avenue, in Madison, for the purpose of carrying passengers for hire between those two points. There is no proof that the prosecutor ever transacted any other business in Madison, and after the adoption of the supplement to the ordinance, no collection of fares was made within Madison. No passengers were discharged in Madison on the trip to Morristown, and no passengers were taken on in Madison after leaving the terminus. It is agreed that the prosecutor does not do a hacking business in the borough of Madison, and that it has taken out state licenses as required by the Motor Vehicle act.

Before Justices SWAYZE, BERGEN and VOORHEES.

For the prosecutors, *King & Vogt.*

For the defendants, *Charles A. Rathbun.*

The opinion of the court was delivered by

SWAYZE, J. The Motor Vehicle act (*Comp. Stat:, p.* 3435, § 22) enacts that no owner, purchaser or driver of a motor vehicle who shall have complied with the requirements of the act, shall be required to obtain any other license, or permit, to use or operate the same, or be limited in the free use thereof, or limited as to speed upon any public street or other public place when the same is open to the use of persons having carriages, or be required to comply with other provisions or conditions as to the use of the motor vehicle except as provided in the act. The act also provides that no municipality shall have power to make any ordinance, by-law or resolution limiting or restricting the use or speed of motor vehicles, and no such ordinance, by-law or resolution in respect to or limiting the use or speed of motor vehicles shall have any force, effect or validity. This section plainly secures

the prosecutor the right to run its auto bus in Madison. This is not denied by the defendants, who assert a right, however, to license the business of transporting passengers for hire, whether conducted by a motor vehicle or by a vehicle using another method of propulsion. We think the object of the Motor Vehicle act was to secure the right of the road to that new method of travel free from interference by conflicting regulations of municipalities through which the motor vehicles might run, but that it was not intended to prevent municipalities from regulating the conduct of business by means of licenses in the long-accustomed way.

The right to license is now regulated by the act of 1905 (*Pamph. L., p.* 360), as amended in 1912 (*Pamph. L., p.* 209). This act covers the whole subject in cities, townships, incorporated towns and incorporated boroughs. *Lakewood* v. *Havens,* 47 *Vroom* 169; *Kellam* v. *Newark,* 50 *Id.* 364; *Atlantic City* v. *Larcomb,* 52 *Id.* 354. It authorizes the imposition of license fees for revenue and the fee here involved is so high that it can only be justified as an exercise of the taxing power. The authority may be properly granted by the legislature under the power to license and regulate. Authority to enact license fees, we have said, may be classified either under the police power or under the taxing power, and the legislature may delegate the licensing power as a revenue measure, in which case it is exerted as a branch of the taxing power. *Mulcahy* v. *Newark,* 28 *Id.* 513, 515. Such an ordinance was sustained under an act entitled "An act to amend an act respecting licenses in the boroughs of this state," which granted the power to license and regulate, and to fix license fees for purposes of revenue. *Johnson* v. *Asbury Park,* 29 *Id.* 604; affirmed by the Court of Errors and Appeals, 31 *Id.* 427. It would be unnecessary to refer to the matter but for a seeming misapprehension by counsel of the scope of the decision in *Gaynor* v. *Roll,* 50 *Id.* 402. That case decided only that the powers conferred by the act of 1905 did not vest in the village trustees of the village of South Orange.

The question involved in this case is somewhat narrower than the authority to impose a license fee for revenue. It is

whether the legislature has authorized the exercise by a municipality of the taxing power upon a business conducted by motor vehicles not within the municipality but between two or more municipalities. The act of 1912 is not inconsistent with the Motor Vehicle act; as we have said, the latter purports only to regulate the right of motor vehicles to use the highway; the former regulates only the business that may be conducted thereby. The latter evinces a legislative intent to allow motor vehicles to run freely throughout the state upon compliance with the requirements; and it is improbable that the legislature having secured that freedom from municipal interference would empower the municipalities to reach the result in a different way. The language in the act of 1912 ought to be clear before we so construe it as to make that result possible. It is so far from being clear that it seems rather to indicate an intent to authorize the taxation only of business conducted wholly within the municipality. Most of the businesses referred to are necessarily local in character; where they are not, the maxim *noscitur a sociis* is applicable. Other indications in the same direction are not lacking. The municipality is authorized to license the place or premises in which or at which the different kinds of business are carried on. To come within the act the business must be carried on at a place. This place must necessarily, in the absence of any provision as to a possible conflict of jurisdiction, be either the municipality itself or a place within its bounds. It would be absurd to permit every municipality of the classes named in the act, which include most of the municipalities of the state, to undertake to regulate a business carried on in another municipality. If Madison may regulate a business in Morris township or in Morristown, Morris township and Morristown may, by the same authority, regulate the same business in Madison, and the regulations may be conflicting. It is inconceivable that the legislature if it had meant to grant such a power would have failed to mark out the bounds within which each municipality must keep. And since the license fee must be reasonable, and it would be necessary in order to determine its reasonableness, to consider

the magnitude of the business done in Madison, it is equally inconceivable that the legislature would provide no machinery by which this could be ascertained. The act, as well by what it says as by what it fails to say, indicates that it was meant to apply only to a local and not an inter-borough business. If the ordinance necessarily includes the latter, it must be pronounced invalid.

A construction of the ordinance is permissible which makes it valid. Although section 1 of the original ordinance applies to vehicles hired for transportation from any point within the borough without restriction as to the destination whether within or without the borough, section 5 only authorizes the council to grant licenses to vehicles for the transportation of passengers within the borough; this must mean that both termini of the journey are within the borough, and it necessarily qualifies the broader language of section 1, since it would not be permissible to prohibit all but licensed vehicles unless by that expression were meant vehicles that could by possibility procure license. The language of the supplement to the ordinance is different. It declares it unlawful to make use of any motor vehicle within the borough for the transportation of passengers for compensation without license as provided in the ordinance. This language, too, must be read in connection with section 5 which authorizes licenses for transportation within the borough only. It requires no stretch of language to transpose the words of the supplement so that it may read: "It shall be unlawful to make use of any motor vehicle for the transportation of passengers within the borough of Madison," &c. This transposition makes it read like section 5, and saves it from being declared unreasonable because compliance with its provisions is impossible under section 5. We think, therefore, the ordinance and supplement properly construed must be sustained. Thus construed, however, they are inapplicable to the prosecutor. It can make no difference that the recorder found the prosecutor guilty. There was no evidence to justify the finding. All that was proved was by the admission of the attorney of the prosecutor that it carried passengers from points in

Morristown to a single point in Madison, and from that point to Morristown. This fails to show a transportation of passengers within the borough; on the contrary, it shows a transportation partly within and partly without the borough.

Let the conviction be reversed.