Plaintiff appeals from an order entered in the Law Division of the Superior Court on January 21, 1949, denying plaintiff's application for an interlocutory injunction.
Plaintiff instituted an action for a declaratory judgment against defendants for the purpose of testing the constitutionality of P.L. 1947, c. 34, R.S. 30:9-12.1 etseq. In her complaint as amended, plaintiff, as a taxpayer and citizen of the *Page 3 
County of Bergen, alleges that the defendant, Board of Chosen Freeholders of the County of Bergen (hereinafter referred to as Board of Freeholders), adopted certain resolutions authorizing the construction of a new hospital and the issuance of bonds to finance the cost thereof. She asserts that the action so taken by the Board of Freeholders was under the specific authority ofR.S. 30:9-12.1 et seq., and that said legislation is unconstitutional and invalid. Plaintiff seeks a determination of the validity of R.S. 30:9-12.1; a judgment declaring her rights and status thereunder; that the Board of Freeholders has no authority to enter into contracts pursuant to such statute and seeks to restrain the Board of Freeholders from taking any further action pursuant to said resolutions. On January 12, 1949, an order was granted by the Superior Court, Law Division, returnable on January 21, 1949, directing the defendant, Board of Freeholders, to show cause why it should not be enjoined and restrained from proceeding further under the authority of the resolutions pending the final determination of plaintiff's action, and particularly from issuing or offering for sale any bonds or notes authorized by the county bond resolution adopted December 22, 1948. On the return date of the order to show cause, the court dissolved the temporary restraint theretofore issued and denied plaintiff's application for an interlocutory injunction. At the same time the court denied defendants' motion to dismiss the complaint on the ground that it failed to state a cause of action.
Succinctly stated, appellant's action is grounded on the alleged unconstitutionality of the 1947 Act and the illegality of the resolutions allegedly adopted by the Board of Freeholders under the specific authority of that Act. Defendants contend that neither the complaint as amended nor the record of the action taken by the Board of Freeholders supports the assertion that the Board of Freeholders' action was taken specifically under the authority of the 1947 Act; that the Board of Freeholders is authorized by the provisions of R.S. 40:32-3, 30:9-61 et seq.
and other statutes to erect county hospital buildings, and that the complaint as amended does not assert that the defendant may not lawfully proceed pursuant to such other laws. *Page 4 
The record before us fails to reveal any supporting proof of her assertions that the Board of Freeholders has taken the action complained of solely under the authority of the 1947 law. Such proof is lacking in the affidavit annexed to her complaint and in the affidavit filed in support of her application for interlocutory injunctive relief. Appellant argues that the contemplated objectives and usages for which the hospital will be operated are those specifically authorized only under the 1947 Act. There is nothing in the record before us to support this assertion. At the argument, counsel for plaintiff conceded that the resolutions in question did not recite that they were adopted under the authority of the 1947 Act and, in fact, no reference was made therein to any specific laws authorizing their adoption. Plaintiff contends that the minutes of the meetings of the Board of Freeholders included comments of a member who voted against the resolution to the effect that the 1947 Act is unconstitutional and challenging its validity. These minutes are not before us and, if they were, such comments would have no legal effect on the issue here.
We conclude that there appears to be authority under the acts of the Legislature cited by the Board of Freeholders to support its resolutions for the construction of a hospital in conformity with such legislation. R.S. 40:32-3 provides:
"The board of chosen freeholders may purchase, erect or otherwise acquire and maintain such buildings as may be necessary and suitable for the accommodation of the courts required to be held in the county, for the transaction of public business, the location of public offices, the use of the departments and officers of the county, jails, workhouses, penitentiaries, houses of detention, poorhouses, lunatic asylums, county hospitals, or any other public purpose.
"The board may from time to time as may be necessary, repair, alter, enlarge or rebuild any such buildings, and furnish and equip them with the necessary furniture and equipment for the proper use thereof, and repair and replace the furniture and equipment, from time to time, as may be necessary."
R.S. 40:23-7 authorizes the county to finance the construction of a hospital. R.S. 40:16-1 requires courts to construe most favorably the provisions of this subtitle affecting counties. This statutory provision finds support in the 1947 Constitution, Article 4, Section 7, Paragraph 11. Where there are two acts *Page 5 
of the Legislature under which the governing body may take appropriate action, it may, in its discretion, determine under which Act it will proceed. Whirl-O-Ball, Inc., v. Asbury Park,136 N.J.L. 316, 55 A.2d 463, (E. A. 1947). We think, however, that the Board of Freeholders, in proceeding further under authority of the challenged resolutions, should be cautioned that, if it intends to take advantage of the provisions of the 1947 Act, it will do so with knowledge of all the risks involved pending the outcome of this litigation to determine its constitutionality.
In the present posture of the record before us we are convinced that plaintiff is not entitled to the injunctive relief which she seeks.
The appeal is dismissed, without costs.