MARY M. HENNINGER, PLAINTIFF-APPELLANT, v. BOARD
OF CHOSEN FREEHOLDERS OF THE COUNTY OF BER-
GEN ET AL., DEFENDANTS-RESPONDENTS.

Argued October 3, 1949—Decided October 24, 1949.

*Mr. Walter H. Gardner* argued the cause for appellant (*Messrs. Gardner & Williams,* attorneys).

*Mr. Milton T. Lasher* argued the cause for defendants-respondents, Board of Chosen Freeholders of the County of Bergen.

The opinion of the court was delivered by

OLIPHANT, J. Appellant appeals from a judgment of no cause of action rendered against her in the Superior Court, Law Division, Bergen County. The appeal was to the Appellate Division but was certified directly to this court.

The respondent, the Board of Chosen Freeholders of Bergen County, has authorized and is constructing a hospital at Bergen Pines.

Plaintiff, as a resident and taxpayer of Bergen County, instituted suit by complaint seeking a declaratory judgment on (a) the validity of *Chapter* 34, *P. L.* 1947, *R. S.* 30:9–12.1 *et seq.* (hereinafter called the 1947 act), (b) declaring the rights and status of the plaintiff thereunder, (c) that the Board of Chosen Freeholders has no right or authority to enter into contracts pursuant to said statute and (d) enjoining and restraining the board.

The injunction prayed for was denied by the trial court and plaintiff appealed this phase of the case to the Appellate Division. There that appeal was dismissed on the ground that, regardless of the constitutionality of the 1947 act, the Board of Freeholders had power under *R. S.* 40:32–3 (hereinafter called the 1918 act) to erect, maintain, repair, alter, enlarge, furnish and equip county hospitals such as the one here in question. No finding was made as to the constitutionality of the 1947 act, *Henninger v. Board of Chosen Freeholders of County of Bergen et al.*, 2 *N. J. Super.* 1 (*App. Div.* 1949).

In the trial division the primary issues were (1) Did the Board act under the 1947 act or was there authority outside that act for the erection of the hospital? (2) If the Board acted under that act, is it constitutional?

While the constitutionality of the 1947 act is seriously questioned, we do not pass upon it for the reason counsel for the Board disclaimed any intention or purpose to proceed thereunder, asserting there is ample authority under the 1918 act for its purposes and further, the record is devoid of any evidence which could lead to the conclusion the actions of the Board were taken under the 1947 act.

 Appellant argues the authority respecting county hospitals, granted a Board of Freeholders under the 1918 act, being a general authority, is by implication repealed by the 1947 act. Assuming the constitutionality of the latter act we are not persuaded the 1918 act was repealed thereby. Repeals by implication are not favored in the law. In the absence of an express repealer indication of an intention of the Legislature to repeal a prior act must be clear and compelling. There is a strong presumption against such an intention. *McNeely v. Woodruff*, 13 *N. J. L.* 352 (*Sup. Ct.* 1833); *Adams v. Plainfield*, 109 *N. J. L.* 282 (*Sup. Ct.* 1932); affirmed, 110 *Id.* 377 (*E. & A.* 1933); *French v. Ocean City*, 136 *N. J. L.* 57 (*Sup. Ct.* 1947). Wherever possible statutes dealing with the same general subject will be recognized and harmonized. *Crater v. Somerset County*, 123 *N. J. L.* 407 (*E. & A.* 1939); *In re Huyler*, 133 *N. J. L.* 171 (*Sup. Ct.* 1945).

Under the 1918 act Boards of Chosen Freeholders are given power to "purchase, erect or otherwise acquire and maintain such buildings as may be necessary and suitable for * * * county hospitals, * * *" and to "repair, alter, enlarge or rebuild any such buildings, and furnish and equip them with the necessary furniture and equipment for the proper use thereof, * * *." But appellant contends that the power thereunder given only extends and has reference to the erection of buildings and to furnish and equip them and that under the statute there is no power in the Board to operate and manage a hospital.

 The legislative authority to build a hospital anticipates its use as such and if there was ever doubt as to the authority of a Board of Freeholders to control, manage and operate a county hospital, such as is being erected in the instant case, that has been dispelled by the provision of Article 4, section 7, paragraph 11 of the Constitution of 1947 which provides "The provisions of this Constitution and of any law concerning municipal corporations formed for local government, or concerning counties, shall be liberally construed in their favor. The power of counties and such

municipal corporations shall include not only those granted in express terms but also those of necessary or fair implication, or incident to the powers expressly conferred or essential thereto, and not inconsistent with or prohibited by this Constitution or by law."

Since a Board of Freeholders is specifically given the power to erect and maintain the hospital under the 1918 act and since by constitutional authority it is granted all powers by fair implication incident thereto we hold it has the power to manage, control, operate and supervise it, and that it is acting within its rights in the premises.

Judgment affirmed.

*For affirmance*—Chief Justice VANDERBILT, and Justices CASE, HEHER, OLIPHANT, WACHENFELD, BURLING and ACKERSON—7.

*For reversal*—None.