Henry W. Lengyel, J.
This is a claim for damages for personal injury resulting from an industrial accident which occurred at Attica State Prison on June 15, 1965.
The claimant was convicted of a crime in 1963 and was incarcerated in Elmira Reformatory on November 22, 1963. He was transferred to Attica State Prison on July 17, 1964. While working in the prison metal shop as a punch press operator, he sustained a severe injury to the fingers of his left hand. After a period of medical treatment, he returned to work in the metal shop. He was paroled from the State prison on December 22, 1965. Unfortunately, he violated his parole in October, 1966 and was recommitted to Attica on November 21, 1966, where he remained until his unconditional release on October 29, 1968. This claim was brought against the State by the filing and service of a notice of claim on November 12, 1968.
Before we consider the substantive questions of liability and damages, we must resolve the jurisdictional question raised by the State at the commencement of the trial. It was the State’s position that, as the claim was sued more than two years after December 22, 1965, it was barred by the Statute of Limitations and this court did not have jurisdiction to hear and determine the claim.
Section 510 of the former Penal Law (now Civil Rights Law, § 79) provides that a person sentenced in a State prison for any term less than life forfeits all of his civil rights during the term of the sentence. Therefore, on the date of this industrial accident, the claimant was under a legal disability which prevented his bringing a claim against the State of New York. (See Green v. State of New York, 278 N. Y. 15. Cf. Correction Law, § 6-b; Cataliotti v. State of New York, 61 Misc 2d 204.) However, subdivision 5 of section 10 of the Court of Claims Act provides that a claimant, under a legal disability when his cause of action accrues, may present his claim within two years after the disability is removed. In 1946, the Legislature amended section 510 of the Penal Law to provide that, when a person such as the claimant is paroled, he has the right to institute a proceeding before a court “ with respect to matters other than those arising out of his arrest or detention.” (Penal Law, § 510, subd. b.) As an accident causing injury to a prisoner is not considered a matter arising out of his arrest or detention (Grant v. State of New York, 192 Misc. 45, 47; Duffy v. State of New York, 197 Misc. 569, 571; Matthews v. State of New York, 13 Misc 2d 298, 300; Todzia v. State of New York, 53 Misc 2d 200, 203), the claimant’s legal disability was removed on December *972 22,1965 and. the two-year Statute of Limitations commenced to run. He remained on parole until his reincarceration for violation of parole on November 21, 1966. Therefore, he was free to prosecute this claim against the State for approximately 10 months.
The question we must determine is whether or not the two-year Statute of Limitations continued to run uninterrupted from December 22, 1965, even though the claimant was again under a legal disability from November 21, 1966 until his final release on October 29, 1968. If the question is decided in the affirmative, we do not have jurisdiction over this claim which was brought more than two years after the legal disability was removed.
In Gershinsky v. State of New York (6 A D 2d 964, 966, affd. without opn. 6 N Y 2d 798) the court stated: “ when a Statute of Limitations once begins to run, it will continue unless there is a saving qualification in the statute * * * and that disabilities, in order to bring a party within the exception of the Statute of Limitations, may not be piled one on another, i.e., once the statute has commenced to run it will continue notwithstanding any subsequent disability, so that where a disability existing at the time of the accrual of the cause of action is removed the statute will then run and will not be suspended by any subsequent intervening disability (54 C. J. S., Limitations of Actions, § 219).”
In an effort to avoid the effects of the above decision, claimant’s counsel propounded the interesting and creative argument that, as the disabilities which existed during the periods July 17, 1964 through December 22, 1965 and November 21, 1966 through October 29, 1968, stemmed from the same crime and sentence of imprisonment, we were really considering only one legal disability and that claimant was not seeking to tack one disability upon another disability. He reached the conclusion that the reincarceration of November 21, 1966 merely reinstated the original and only legal disability; and, that claimant, therefore, had approximately 13 months after October 29, 1968 in which to sue his claim. A similar argument was effectively disposed of by Judge John Carroll Young in Jordan v. State of New York (56 Misc 2d 1032, 1034-1035) wherein the learned Judge stated:
“As early as 1743 the courts of England, under a statute providing for the tolling of a Statute of Limitations while the plaintiff was ‘ beyond the seas held that if one being beyond the seas returned, the statute would run without suspension even though the plaintiff again went beyond the seas.
*973 “ The Lord Chancellor, in the case of Sturt v. Mellish, ([1743] 2 Atk. 610, 614; 26 Eng. Rep. 765) said that 1 by being in the kingdom after the cause of action had accrued, and not bringing any, though he went out of the kingdom again, his privilege is gone, as much as if he had been in the kingdom the whole six years.’
‘ ‘ In this country from an early date, courts of other States have held similarly where, for example, a lucid interval of one insane having started the statute running, the running of the statute was found not to be suspended by the party again becoming insane. (Clark v. Trail, 1 Met. [58 Ky.] 35; Duncan v. Vick, 13 Ky. Op. 1074; Ann. 53 A. L. R. 1327.) This is particularly true where the period between successive disabilities has been of sufficient duration to afford a party a reasonable opportunity to take action in furtherance of his rights.”
The relationship between the legal disability which existed when claimant’s cause of action accrued and the legal disability which commenced upon claimant’s reincarceration for violation of his parole did not establish one legal disability. These were successive disabilities and, as such, the second legal disability could not toll the Statute of Limitations once it began to run. As stated in Nathan v. Equitable Trust Co. (250 N. Y. 250, 256-257): “ When the statute once begins to run, it continues to run, notwithstanding my subsequent disability. (Peck v. Randall, 1 Johns. 165, 176; Doe v. Jones, 4 T. R. 300, 310.) ”
We reserved decision upon the State’s motion to dismiss this claim for late filing. That portion of the motion which related to the alleged necessity for filing the claim within 90 days of December 22, 1965 is, of course, denied. However, that portion of the motion which relates to the late filing of the claim and our jurisdiction, as discussed above, is granted and the claim is dismissed.
We have considered our position relative to the jurisdictional problem carefully for, on its face, this strict application of the law to claimant’s factual situation accomplished a harsh result. However, we do not have the power or the right to revive a cause of action which has been barred by an existing Statute of Limitations. Such right and power rest with the Legislature and not with the courts. (See Gallewski v. Hentz & Co., 301 N. Y. 164.)
Furthermore, we point out that the claim was filed within 15 days after the claimant was unconditionally released from State prison. Obviously, such claim could easily have been filed during the approximately 10 months claimant was on parole and free of confinement.
*974 Although we do not intend to set forth in detail our findings relative to liability, we should point out, even if we had found that the claim was filed in conformity with the time limitations, we would have dismissed it on the merits. We observed the witnesses closely and have examined and weighed the conflicting testimony. We do not find that the State’s action or nonaction was a proximate cause of the accident. Claimant did not sustain his burden of proving that the State was negligent. Furthermore, although a prison inmate does not have any choice of employment and cannot be held to have assumed the risk of his employment (Colley v. State of New York, 2 Misc 2d 545, 547; Melton v. State of New York, 198 Misc. 654, app. dsmd. 108 N. Y. S. 2d 967), he is charged with proving his freedom from contributory negligence. (Richards v. State of New York, 205 Misc. 3; Callahan v. State of New York, 19 A D 2d 437, affd. without opn. 14 N Y 2d 665.) Claimant did not prove that he was free from contributory negligence. In fact, it is our opinion that the claimant’s negligence in the operation of the punch press machine was the proximate cause of the accident.