188 N.J. Super. 355 (1982)
457 A.2d 837
STANLEY KARCZEWSKI, PLAINTIFF-APPELLANT,
v.
WALTER NOWICKI, INDIVIDUALLY, WALTER NOWICKI, AS CHAIRMAN OF THE PARKING AUTHORITY OF THE CITY OF BAYONNE, THE PARKING AUTHORITY OF THE CITY OF BAYONNE, AND VICTOR WOZOTOWICZ, DEFENDANTS-RESPONDENTS.
Superior Court of New Jersey, Appellate Division.
Submitted October 19, 1982.
Decided November 24, 1982.
*356 Before Judges FRITZ, JOELSON and PETRELLA.
Browne, Buckalew & DeMarrais, for appellant (George A. Browne on the brief).
Rhoads, Parkin & Harris, for respondents (Charles F. Harris of counsel and on the brief).
The opinion of the court was delivered by JOELSON, J.A.D.
Plaintiff allegedly sustained injuries by reason of a fall in a pothole in a metered parking lot maintained by defendant Parking Authority of the City of Bayonne. He brought action against the Authority and also against Walter Nowicki, chairman of the Authority, and Victor Wozotowicz, Supervisor of the Authority. This is an appeal from the order of the trial court granting summary judgment in favor of all defendants. We affirm as to the judgment in favor of defendant Parking Authority; we reverse as to the judgment in favor of defendants Walter Nowicki and Victor Wozotowicz.
It is undisputed that plaintiff failed to give the public entity a timely notice of claim within 90 days after the accrual of his cause of action, as required by N.J.S.A. 59:8-8.[1] It is provided *357 in N.J.S.A. 59:8-3 that "[n]o action shall be brought against a public entity" unless the claim upon which it is based has been presented in accordance with the provisions of the Tort Claims Act (N.J.S.A. 59:1-1 et seq.). Furthermore, N.J.S.A. 59:8-8 provides that unless the 90-day provision has been complied with, "[t]he claimant shall be forever barred from recovering against a public entity...." Despite this clear and unequivocal language, plaintiff contends that he should not be bound by the 90-day notice requirement, basing this contention on N.J.S.A. 40:60-25.5 which grants immunity to municipalities from liability by virtue of their operation or maintenance of public parking areas, but contains a proviso that a municipality may be liable for the negligence of its agents, servants or employees.
N.J.S.A. 40:60-25.5, relied on by plaintiff and which contains no notice requirement, became effective in 1942 and has not since been expressly repealed. N.J.S.A. 59:8-8, which establishes a notice requirement, is part of the Tort Claims Act which, according to N.J.S.A. 59:14-4, took effect on July 1, 1972. It might be argued that since the Tort Claims Act represents a comprehensive restatement of the law governing the liability of public entities generally, it preempts the field and nullifies N.J.S.A. 40:60-25.5. However, the doctrine of repeal by implication is not favored. N.J. State P.B.A. v. Morristown, 65 N.J. 160, 164 (1974); Brewer v. Porch, 53 N.J. 167, 173 (1969); Swede v. Clifton, 22 N.J. 303, 317 (1956); Henninger v. Bd., 3 N.J. 68, 71 (1949). Even if N.J.S.A. 40:60-25.5 applies to municipal parking authorities as opposed to municipalities generally, there is no reason why that section and the notice requirements of N.J.S.A. 59:8-8 should be regarded as inconsistent. They can and should be read in pari materia, with the result that the latter engrafts notice requirements upon the former. We are, therefore, satisfied that since plaintiff failed to give timely *358 notice to the public entity, summary judgment in favor of the Parking Authority was properly granted.
We turn now to the question of the summary judgments in favor of defendants Nowicki and Wozotowicz. Although the trial judge did not rule directly on the question of whether N.J.S.A. 59:8-8 requires a 90-day notice be given with regard to public employees as opposed to public entities, that section and N.J.S.A. 59:8-3 clearly are limited to claims against public entities. It was for that reason that Lutz v. Semcer, 126 N.J. Super. 288 (Law Div. 1974), held that "the filing of a claim within the 90-day time limit set forth in N.J.S.A. 59:8-8 is not a prerequisite to the maintenance of an action against a public employee, and this action may be maintained against the individual defendants." Id. at 300. We are aware of the fact that Lutz involved an action against a police officer who closed the window of a police car on the finger of a plaintiff while the plaintiff was talking to him. Thus, the court was in that case dealing with an alleged negligent act of commission rather than with negligent omission by an official, as alleged in the case we now review. Nevertheless, no distinction is made by N.J.S.A. 59:8-8 between acts of commission and omission with regard to public employees, who are simply not included at all in the notice requirements of the section. We are not prepared to hold that a public employee who commits active negligence is not entitled to notice, but that an employee who might fail to inspect for and report a dangerous condition, warn the public about the condition, erect safety barriers or otherwise take protective measures is entitled to notice. To so hold would be to indulge in judicial legislation by formulating a category not created by the Legislature as to officials who negligently fail to perform their duties.
Additionally, we must not disregard the fact that before the enactment of the Tort Claims Act, N.J.S.A. 59:1-1 et seq., and even in the heyday of the doctrine of sovereign immunity, it was settled law that public employees were liable for negligence in the performance of their official duties. Florio v. Jersey City, *359 101 N.J.L. 535 (E. & A. 1925); Suarez v. Dosky, 171 N.J. Super. 1, 8 (App.Div. 1979), certif. den. 82 N.J. 300 (1980); Gilday v. Hauchwit, 91 N.J. Super. 233 (App.Div. 1966).
Since at common law a public employee could be sued for negligence, subject only to the prevailing statute of limitations, we will not imply an intention on the part of the Legislature to limit a plaintiff's right of action by means of a 90-day notice provision which is stated in the legislation to apply to suits against public entities. As made clear in the legislative declaration contained in N.J.S.A. 59:1-2, the Tort Claims Act was the result of legislative recognition of "the inherently unfair and inequitable results which occur in the strict application of the traditional doctrine of sovereign immunity," and "[a]ll of the provisions of this act should be construed with a view to carry out the above legislative declaration." In keeping with this legislative instruction, we will not construe a statute which expands the right of action against public entities so as to constrict the right of action against public employees.
Dealing now with the summary judgment granted in favor of the public employees, we find error on the part of the trial judge because there were indications of genuine issues as to material facts. It is the movant's burden to exclude any reasonable doubt as to the existence of any genuine issue of material fact. All inferences of doubt are drawn against the movant in favor of the opponent of the motion. Judson v. Peoples Bank & Trust Co. of Westfield, 17 N.J. 67, 74-75 (1954), mod. on other grounds, 25 N.J. 17 (1957).
The amended complaint charged Nowicki and Wozotowicz with, among other things, failing to inspect and report the defects in the parking lot. Furthermore, plaintiff answered "yes" to the interrogatory: "Do you contend that this defendant was negligent by reason of failure to provide necessary emergency signals, markings or other warning devices?" Additionally, in answer to an interrogatory seeking a complete statement of the "basis for all allegations," plaintiff stated in part: "Defendants *360 should have posted warning signs alerting the general public of this condition."
N.J.S.A. 59:3-7 provides as follows:
A public employee is not liable for injury caused by his failure to make an inspection, or by reason of making an inadequate or negligent inspection of any property; provided, however, that nothing in this section shall exonerate a public employee from liability for negligence during the course of, but outside the scope of, any inspection conducted by him, nor shall this section exonerate a public employee from liability for failure to protect against a dangerous condition as provided in chapter 4. [N.J.S.A. 59:4-1 to N.J.S.A. 59:4-9]
N.J.S.A. 59:4-2 provides as follows:
A public entity is liable for injury caused by a condition of its property if the plaintiff establishes that the property was in dangerous condition at the time of the injury, that the injury was proximately caused by the dangerous condition, that the dangerous condition created a reasonably foreseeable risk of the kind of injury which was incurred, and that either:
a. a negligent or wrongful act or omission of an employee of the public entity within the scope of his employment created the dangerous condition; or
b. a public entity had actual or constructive notice of the dangerous condition under section 59:4-3 a sufficient time prior to the injury to have taken measures to protect against the dangerous condition.
Nothing in this section shall be construed to impose liability upon a public entity for a dangerous condition of its public property if the action the entity took to protect against the condition or the failure to take such action was not palpably unreasonable.
N.J.S.A. 59:3-7 specifically declines to exonerate a public employee from liability for failing to protect against a dangerous condition as provided with regard to liability of a public entity in chapter 4. Having considered N.J.S.A. 59:4-2 which is, of course, a part of chapter 4, we are satisfied on the basis of the present record that genuine issues of material fact may presently remain unresolved as to whether any omissions on the part of the public employees bring them within the liability that may be imposed under N.J.S.A. 59:4-2 and consequently under N.J.S.A. 59:3-7.
Referring once more to N.J.S.A. 40:60-25.5, even if it should apply to independent municipal parking authorities, we point out that it deals only with the liability of the public entity and not with individual public employees. The subject of the liability and immunity of public employees is the exclusive province of *361 N.J.S.A. 59:3-1 through N.J.S.A. 59:3-14. It might perhaps be argued that N.J.S.A. 40:60-25.5, in imposing liability upon a municipality for injury sustained in a public parking area due to negligence of public employees, impliedly retains the common law test of negligence with respect to public employees. However, the answer to such an argument is that this case is not now ripe for summary judgment even by common law standards of negligence.
Finally, even though recognizing that the question of liability in this case might ultimately be decided as a matter of law, Miehl v. Darpino, 53 N.J. 49 (1968), and Hoy v. Capelli, 48 N.J. 81 (1966), we would not be inclined to consider the issue on less than a full and complete record. Jackson v. Muhlenberg Hospital, 53 N.J. 138 (1969).
Affirmed as to defendant Parking Authority of the City of Bayonne; reversed and remanded as to defendants Walter Nowicki and Victor Wozotowicz.
NOTES
[1] Plaintiff alleged injuries incurred on December 30, 1977. His complaint was filed on July 3, 1979. No application for permission to file a late notice of claim was made to a judge of the Superior Court within one year of the accrual of claim, pursuant to N.J.S.A. 59:8-9.