ALEXANDER J. CICCOLELLO A/K/A ALESSANDRO J. CICCOLEL-
LO, PLAINTIFF-APPELLANT, v. MIDDLESEX COUNTY
BOARD OF FREEHOLDERS, JOHN FECONDA AND MICHAEL
GREGERSON, DEFENDANTS-RESPONDENTS.

Superior Court of New Jersey
Appellate Division

Submitted October 7, 1986—Decided November 5, 1986.

2

Before Judges MICHELS, SKILLMAN and LANDAU.

*Klitzman, Klitzman & Gallagher*, attorneys for appellant (*Austin M. Kenny*, on the brief).

*Golden, Lintner, Rothschild, Spagnola & DiFazio*, attorneys for respondents Middlesex County Board of Freeholders and John Feconda, Middlesex County Director of Corrections (*Peter J. Butch, III*, on the letter brief).

No brief was filed on behalf of respondent Michael Gregerson.

The opinion of the court was delivered by

LANDAU, J.S.C. (temporarily assigned).

Plaintiff Alexander Ciccolello (Ciccolello) appeals from a summary judgment granted in favor of defendants, John Feconda, the Middlesex County Director of Corrections (Feconda) and the Middlesex Board of Freeholders (Middlesex), under the two year statute of limitations of *N.J.S.A.* 59:8–8. We affirm for the reasons discussed herein.

For purposes of the motion and this appeal it must be assumed that Ciccolello's cause of action arose on September 6,

1980 when he was allegedly beaten during his incarceration at Middlesex County Correctional Center.

Ciccolello was released from county custody on December 30, 1980, and was reincarcerated in a State institution on October 21, 1981. He commenced this action on May 8, 1984, while in custody.

Ciccolello relies upon *N.J.S.A.* 59:5-3, which provides:

No action shall be commenced by or on behalf of a prisoner against a public entity or public employee until such prisoner shall be released from institutional confinement. For the purposes of the claims notification requirements and the statute of limitations contained in chapter 8 of this act, a prisoner's claim shall accrue upon his release from institutional confinement; provided however that a prisoner may file a notice of claim in accordance with the procedures set forth in chapter 8 at any time after an injury and nothing in this act shall bar administrative review and settlement of that claim prior to his release from institutional confinement.

This statute was considered in *Holman v. Hilton*, 542 *F.Supp.* 913 (D.N.J.1982) aff'd 712 *F.*2d 854 (3 Cir.1983), where on July 9, 1982, its provision deferring ability of a prisoner to commence an action against a public entity or public employee until released from institutional confinement was declared to violate the due process clause of the Fourteenth Amendment.[1]

Ciccolello asserts that by reason of the prevailing statutory prohibition against commencement of an action until released from custody, the two year statute of limitations did not commence to run against him until July 9, 1982 when the unconstitutionality of the litigation bar in *N.J.S.A.* 59:5-3 was adjudicated. Although Ciccolello asserts that the Tort Claims Act provisions in *N.J.S.A.* 59:5-3 governed his claim until declared unconstitutional, he has chosen to ignore the applicable limita-

---

[1]The basis for our decision herein makes it unnecessary for us to decide the constitutional question determined by the Third Circuit in *Holman v. Hilton*, 542 *F.Supp.* 913 (D.N.J.1982) aff'd 712 *F.*2d 854 (3 Cir.1983). We are not bound thereby (*Cf. Avant v. Clifford*, 67 *N.J.* 496, 537 (1975)). We note that *Holman* affords to prisoners relief in the federal forum, whatever our view of the bar to suit during confinement provided for in *N.J.S.A.* 59:5-3. Thus, this aspect of the statute is ineffective as a practical matter.

tions provisions in section 8 of that act. *N.J.S.A.* 59:8–8 requires that:

> A claim relating to a cause of action for ... injury to person ... shall be presented ... not later than the ninetieth day after accrual of the cause of action ... The claimant shall be forever barred from recovering against a public entityif:
>
> a. He failed to file his claim with the public entity within 90 days of accrual of his claim except as otherwise provided in section 59:8–9; or
>
> b. Two years have elapsed since the accrual of the claim; ...

The record discloses neither that Ciccolello filed a claim within the 90 day limitation period nor any denial thereof. Nor does it disclose a timely application for leave to file a late claim under *N.J.S.A.* 59:8–9, which also incorporates the two-year-from-accrual limit on filing suit against a public entity.

Was the 90 day requirement for filing claim tolled by *N.J. S.A.* 59:5–3 during Ciccolello's imprisonment? That section expressly permits a prisoner to "file a notice of claim in accordance with the procedures set forth in Chapter 8 at any time after an injury ..." Notwithstanding the absence of any statutory bar against filing the 90 day claim, however, *N.J.S.A.* 59:5–3 expressly states that, "For the purpose of the claims notification requirements and the statute of limitations contained in Chapter 8 of this act, a prisoner's claim *shall accrue upon his release from institutional confinement ...*" (Emphasis supplied)

■ Inasmuch as Ciccolello was released on December 30, 1980, he was required to file a claims notification by the end of March 1981. At that time he was still free. Absent such filing, he is "forever barred" under *N.J.S.A.* 59:8–8.

■ Even had timely notice been filed, however, the appeal lacks merit. At common law, statutes of limitation were not tolled by reason of imprisonment. See *Fidelity Deposit Co. of Md. v. Abagnale,* 97 *N.J.Super.* 132, 148 (Law Div.1967). In *Kyle v. Green Acres,* 44 *N.J.* 100, 111 (1965) our Supreme Court held that a tort statute of limitations was not tolled by a subsequent disability unless caused by the tortious act. See

also, *Dalton v. Mayor and Council of Hoboken,* 12 *N.J.Misc.* 216, 219 (Sup.Ct.1934).

Quite apart from the constitutional issue decided in *Holman,* *N.J.S.A.* 59:5–3 must be strictly construed in accordance with the legislative intent. As expressed in the Comment to *N.J. S.A.* 59:5–3 contained in the "Report of the Attorney General's Task Force on Sovereign Immunity—May 1972":

> This provision suspends the statute of limitations and the notice provisions of this act for the purpose of permitting prisoners to bring suit against a public entity or public employee only after they have been released from institutional confinement. This approach is similar to that of the State of New York. It is taken in the interest of prison harmony and in order to avoid the erosion of prison discipline as well as to discourage the bringing of frivolous suits and the traditional 'outing in court' enjoyed by many inmates in connection therewith. [*Margolis and Novack, Tort Claims Against Public Entities,* 82 (1986)]

Inasmuch as the legislative approach taken was intended to be "similar to that of the State of New York," we note that when similar disabling legislation was in effect in New York, its statute was interpreted to mean that once the initial disability by reason of incarceration was removed, the limitation period was not again tolled by a subsequent incarceration. *Broadus v. State of New York,* 61 *Misc.*2d 970, 307 *N.Y.S.*2d 479 (NY.Ct.Cl.1970).

Moreover, the primary reasons stated for enactment of the statute, prison harmony and prevention of erosion of prison discipline, would not be fostered in this case because of Ciccolello's subsequent incarceration in state prison, rather than the Middlesex facility in which his cause of action allegedly arose.

■ Under *N.J.S.A.* 59:5–3, Ciccolello's claim accrued "upon his release from institutional confinement," on December 30, 1980 for "purposes of the claims notification requirements and the statute of limitations contained in Chapter 8." We are satisfied that his later incarceration was a subsequent disability that provides no cause to depart from the plain language of the statute. *Cf. Kyle; Broadus.*

Furthermore, even were we to have agreed with Ciccolello's argument that the two year statute of limitations should be tolled during periods of his confinement prior to the date of the *Holman* decision, we could not ignore his period of liberty from December 30, 1980 to October 21, 1981. At best, there would have been a tolling of the two-year statute from October 21, 1981 until *Holman* was decided on July 9, 1982. Inasmuch as suit was not commenced until May 8, 1984, it far exceeded the two year filing requirement of *N.J.S.A.* 59:8-8.

Affirmed.