243 N.J. Super. 439 (1990)
579 A.2d 1263
LESTER SMALL, PLAINTIFF-APPELLANT,
v.
DEPARTMENT OF CORRECTIONS, STATE OF NEW JERSEY, DEFENDANT-RESPONDENT.
Superior Court of New Jersey, Appellate Division.
Submitted May 22, 1990.
Decided August 30, 1990.
*441 Before Judges DEIGHAN and BROCHIN.
Albert B. Kahn, Jr., P.A., attorneys for appellant (Albert B. Kahn, Jr., of Counsel, on the brief and reply brief).
Robert J. Del Tufo, Attorney General, attorney for respondent (Michael R. Clancy, Assistant Attorney General, of Counsel; Madeleine W. Mansier, Deputy Attorney General, on the brief).
The opinion of the court was delivered by DEIGHAN, J.A.D.
The issue here is whether the trial court erred in dismissing the complaint of plaintiff Lester Small, an inmate of the Trenton State Prison, for a personal injury claim under the Tort Claims Act, N.J.S.A. 59:1-1 et seq. The complaint was dismissed for failure to file a notice of claim within 90 days and to file a complaint within two years of the date on which his cause of action accrued, as required by N.J.S.A. 59:8-8.
In 1983 plaintiff was sentenced to a 30-year prison term with 15 years parole ineligibility. On October 21, 1986, while incarcerated at the Trenton State Prison, plaintiff was injured as a result of plaster falling from the prison ceiling. Plaintiff immediately contacted his attorney, and on October 23, 1986, two days after the accident, the attorney sent a letter to the Commissioner of the Department of Corrections (DOC) and to the Superintendent of Trenton State Prison, advising them that *442 he represented plaintiff regarding the accident. The attorney requested permission to inspect the area of the prison where the accident occurred, to take photos and to obtain a sample of the debris. He also requested permission to have an expert examine the ceiling and debris and take his own photographs. His request was denied.
Subsequently, the trial judge entered two orders to show cause granting various items of relief and permitting plaintiff's attorney, his structural engineer and his photographer to inspect and photograph the area of the prison where the accident occurred. The trial court also entered an order permitting plaintiff to be examined by private physicians but denying all other relief sought.
Although the DOC had full knowledge of plaintiff's claim, no formal claim was ever filed. On December 20, 1988, more than two years after the accident, plaintiff filed a complaint under the New Jersey Tort Claims Act, N.J.S.A. 59:1-1 et seq., against the DOC for the injuries he sustained. In May 1989, in lieu of filing an answer, the DOC moved to dismiss the complaint, asserting that plaintiff did not comply with N.J.S.A. 59:8-8, which bars recovery against a public entity if a claimant fails to file a claim with that entity within 90 days of the accrual of his claim or fails to file a complaint within two years of that time. The DOC asserted that plaintiff's cause of action accrued on October 21, 1986 and that the claim was barred by N.J.S.A. 59:8-8 because plaintiff never filed a claim with the DOC and did not file a complaint until December 1988.
At the time of plaintiff's accident, N.J.S.A. 59:5-3 provided that:
No action shall be commenced by or on behalf of a prisoner against a public entity or public employee until such prisoner shall be released from institutional confinement.
On July 9, 1982, the United States District Court for the District of New Jersey in Holman v. Hilton, declared that N.J.S.A. 59:5-3 violated the Fourteenth Amendment because it deprived prisoners of minimally adequate procedures necessary *443 to protect the right of action. 542 F. Supp. 913 (D.N.J. 1982), aff'd, 712 F.2d 854 (3rd Cir.1983). Accordingly, the statute was repealed by L. 1988, c. 55, § 1, effective July 8, 1988.
On June 23, 1989, the trial court granted DOC's motion for summary judgment and dismissed the complaint on the ground that plaintiff had failed to institute the action within two years as required by N.J.S.A. 59:8-8. The judge also ruled that the repealed statute, N.J.S.A. 59:5-3, which would have delayed the accrual of plaintiff's cause of action until his release from prison, had been invalidated since the Holman decision in 1982 and therefore had no effect on plaintiff's failure to file a timely complaint.
On appeal, plaintiff contends that: (1) the trial court erred in dismissing the complaint for failure to file a notice of claim within 90 days and file a complaint within two years from the accrual of the claim, N.J.S.A. 59:8-8a and b, because (a) the Holman decision was not adequate notice to prisoners that they were no longer required by N.J.S.A. 59:5-3 to wait until their release from institutional confinement to file an action and (b) the date of accrual of the cause of action should be the date on which N.J.S.A. 59:5-3 was repealed, July 8, 1988; and (2) the Legislature and courts have denied plaintiff equal protection under the laws by arbitrarily and unreasonably discriminating against him.
The DOC maintains that the dismissal of the complaint should be upheld because of plaintiff's failure to file a notice of claim within 90 days or file a complaint within two years of the accrual of his cause of action. In support of its contention, the State cites Ciccolello v. Middlesex County Bd., 214 N.J. Super. 1, 518 A.2d 228 (App.Div. 1986), for the principles that Holman made the statute of limitations in N.J.S.A. 59:8-8 and N.J.S.A. 59:8-9 applicable to all inmates, and that N.J.S.A. 59:5-3 tolled the two-year statute of limitation only until the Federal District Court rendered its decision on July 9, 1982.
*444 In Ciccolello, the incarcerated plaintiff was injured on September 6, 1980. He was released from custody on December 30, 1980 but was reincarcerated in another institution on October 21, 1981. On May 8, 1984, while in custody for the second time, the plaintiff commenced his action for injuries sustained on September 6, 1980. We held that where the plaintiff was injured while incarcerated and released from prison but reincarcerated at a subsequent date, the subsequent incarceration did not toll the running of the 90-day requirement for filing a claim upon his original release from confinement. We therefore reject any reliance that the DOC places upon Ciccolello.
Insofar as Holman v. Hilton is concerned, we note that the decisions of the Federal Court are not binding upon a State court's interpretation of identical provisions. Scalise v. Central Railroad Co. of N.J., 129 N.J. Super. 303, 306, 323 A.2d 525 (App.Div. 1974) (New Jersey Superior Court not bound by decision of United States Court of Appeals for the Third Circuit, which held that jury should be instructed that damages awarded in personal injury action would not be subject to Federal income taxation); Linden Motor Freight Co. v. Traveller's Ins. Co., 40 N.J. 511, 518, 193 A.2d 217 (1963) (decisions of United States Supreme Court interpreting State insurance law are not binding upon that State's courts interpreting identical insurance provisions); State v. Zito, 103 N.J. Super. 552, 557-558, 248 A.2d 254 (App.Div. 1968), aff'd, 54 N.J. 206, 254 A.2d 769 (1969) (Federal Court decision holding unconstitutionally vague a statute prohibiting presence in a State for unlawful purpose is not binding on New Jersey courts); accord, State v. Speciale, 96 N.J. Super. 1, 232 A.2d 421 (App.Div.), certif. den., 50 N.J. 291, 234 A.2d 400 (1967). For the purposes of this appeal, we decline to hold that the date on which the Third Circuit Court of Appeals declared N.J.S.A. 59:5-3 unconstitutional is the date on which the statute became invalid. Rather, the statute was invalidated on the date our State Legislature repealed it, July 8, 1988.

*445 I
N.J.S.A. 59:8-8, which governs the time for presentation of claims, provides:
A claim relating to a cause of action ... for injury to person ... shall be presented as provided in this chapter not later than the ninetieth day after accrual of the cause of action.... The claimant shall be forever barred from recovering against a public entity if:
a. he failed to file his claim with the public entity within 90 days of accrual of his claim except as provided in § 59:8-9; or
b. two years have elapsed since the accrual of the claim....
Although failure to satisfy the time requirement under subsection a. constitutes an absolute bar to recovery against an entity, Karczewski v. Nowicki, 188 N.J. Super. 355, 357, 457 A.2d 837 (App.Div. 1982), the doctrine of substantial compliance has been invoked to alleviate the hardship and unjust consequences which result when an otherwise valid claim is defeated on technical grounds even though it would have posed no prejudice to the entity. Anske v. Borough of Palisades Park, 139 N.J. Super. 342, 347, 354 A.2d 87 (App.Div. 1976). The purpose of the 90-day limit contained in N.J.S.A. 59:8-8 is to "compel a claimant to expose his intention and information early in the process in order to permit the public entity to undertake an investigation while witnesses are available and the facts are fresh." Lutz v. Township of Gloucester, 153 N.J. Super. 461, 466, 380 A.2d 280 (App.Div. 1977).
Here, the public entity had due notice of plaintiff's claim. Counsel for plaintiff wrote to the prison authorities on October 23, 1986, two days after the occurrence of the incident. In that letter, counsel requested permission to inspect the area of the prison, to take photographs and to obtain a sample of the debris. He also requested permission to have an expert examine the ceiling and the debris and to take his own photographs. Upon the denial of that application, the attorney filed a complaint and order to show cause for permission (1) to examine the area, (2) to take tests of the ceiling and debris, (3) to obtain the debris that fell upon plaintiff, (4) to photograph the area, (5) to have plaintiff transferred to another cell and (6) to relocate all *446 inmates and have the entire tier of cells closed. The attorney also filed an order to show cause permitting the attorney, a structural engineer, and a photographer to inspect and photograph the area of the prison where the accident occurred. The applications were denied except that the court permitted plaintiff to be examined by private physicians.
N.J.S.A. 59:8-4, concerning the contents of claims, requires that the person, or a person acting on his behalf, shall file a claim which includes the name and post office address of the claimant, the post office address of the person presenting the claim, the date, place and other circumstances of the occurrence which gave rise to the claim, a general description of the injury, damage or loss incurred so far as may be known at the time of presentation of the claim, the names and addresses of the public entity causing the injury or damage, and the amount claimed as of the date of presentation of the claim, including the estimated amount of any prospective injury, damage or loss insofar as may be known at the time of the presentation of the claim. Obviously, the letter of October 23, 1986 from plaintiff's attorney could not set forth the last required item concerning the amount of the claim. Nevertheless, the letter and all other circumstances substantially complied with the requirement of N.J.S.A. 59:8-4 insofar as possible at that time.
N.J.S.A. 59:8-6 provides that the claim form "may include such additional information or evidence," such as the written reports of attending physicians or dentists, setting forth the nature and extent of the injury and treatment and any degree of temporary and permanent disability, the prognosis and period of hospitalization, a list of claimant's expert witnesses and reports, itemized bills for medical, dental and hospital expenses incurred, documentary evidence showing the amounts of income loss and whether future treatment is necessary. Again, since plaintiff was incarcerated and treated by the prison authorities, all this information was known by the DOC. As a matter of fact, the DOC undoubtedly had more information concerning *447 the medical aspects of plaintiff's injuries than did plaintiff himself.
Under the facts and circumstances in this matter, we are satisfied that within 90 days of the accrual of plaintiff's cause of action, the DOC had ample notice of all the circumstances surrounding the occurrence of the incident and medical aspects of the claim, as required by N.J.S.A. 59:8-8.

II
We now turn to the question as to the effect of the repeal of N.J.S.A. 59:5-3. That statute originally provided, among other things, as follows:
No action shall be commenced by or on behalf of a prisoner against a public entity or public employee until such prisoner shall be released from institutional confinement. For the purposes of the claims notification requirements and the statute of limitations contained in chapter 8 of this act, a prisoner's claim shall accrue upon his release from institutional confinement; provided however that a prisoner may file a notice of claim in accordance with the procedures set forth in chapter 8 at any time after an injury and nothing in this act shall bar administrative review and settlement of that claim prior to his release from institutional confinement. [Emphasis supplied.]
In view of the foregoing, it is necessary to determine whether the repeal of N.J.S.A. 59:5-3 is to be applied prospectively or retroactively. Generally, the New Jersey Courts favor prospective application of statutes, South Hamilton Associates v. Mayor and Council of Morristown, 99 N.J. 437, 444, 493 A.2d 523 (1985); Gibbons v. Gibbons, 86 N.J. 515, 521, 432 A.2d 80 (1981); unless by its terms, the legislation clearly manifests that a statute is to be applied retroactively. 86 N.J. at 522, 432 A.2d 80; accord, Grippo v. Schrenell & Co., 223 N.J. Super. 154, 161, 538 A.2d 404 (App.Div. 1988). A statute may be applied retroactively in three situations: (1) The Legislature may expressly or impliedly desire retroactive application; (2) a court may apply a statute retroactively if the statute is merely ameliorative or curative, and (3) retroactive application may obtain where it would further the expectations of the parties, i.e., when settled expectations honestly arrived at with respect *448 to substantial interests are not defeated by retroactive application. Grippo, 233 N.J. Super. at 161-162, 538 A.2d 404, citing Gibbons, 86 N.J. at 521, 522, 523, 432 A.2d 80 and 2 Sutherland, Statutory Construction, (4th ed. 1986), § 41.01 at 337; § 41.11 at 410 and § 41.05 at 366. See also Fasching v. Kallinger, 227 N.J. Super. 270, 274, 546 A.2d 1094 (App.Div. 1988); Feuchtbaum v. Constantini, 59 N.J. 167, 172, 280 A.2d 161 (1971) (procedural statutes and rules of court are given retrospective application only if vested rights are not thereby disturbed).
Here, in repealing N.J.S.A. 59:5-3, the Legislature has not expressly indicated a desire for the repealing act to apply retroactively. The Legislature could not have impliedly desired that result because a retroactive application of the statute would have left the plaintiff and other prisoners in the same situation, without a remedy which has been given under the Tort Claims Act.
Here, plaintiff's injuries were incurred on October 21, 1986 at which time his cause of action accrued. Under N.J.S.A. 59:8-8a., plaintiff would have been required to file his claim within 90 days from the date of his accrual. By a retroactive application of the repealed statute, plaintiff could not have filed a claim until his release from prison, well beyond the 90-day period, even if application was made to extend the time within which to file a claim under N.J.S.A. 59:8-9.
Except as to transactions passed on and closed, the repeal of a statute has the effect of blotting it out as completely as if it had never existed. 82 C.J.S. Statutes, § 434 at 1008. See DiAngelo v. Keenen, 112 N.J.L. 19, 20-21, 169 A. 728 (Sup.Ct. 1933), aff'd o.b. 115 N.J.L. 507, 181 A. 44 (E. & A. 1935) (the general rule is that where a statute is repealed, it is considered as though it had never existed, except as to matters and transactions passed and closed).
As to the second of the three exceptions in which a statute may be applied retroactively, i.e., where the statute is ameliorative *449 or curative, the statute in the present case is neither. An ameliorative or mitigating statute is one which applies only to a criminal case. Kendall v. Snedeker, 219 N.J. Super. 283, 286, 530 A.2d 334 (App.Div. 1987). A "curative" exception generally applies to curative acts which are necessary by inadvertence or error in the original enactment of a statute or its administration. Id. at 287, 530 A.2d 334, citing 2 Sutherland, Statutory Construction, § 41.11 at 410. Lastly, the third exception, which permits retroactive application of a repealed statute when settled expectations honestly arrived at with respect to substantial interests, are not defeated thereby, is also not implicated here.
We hold that when a statute restrains a right and the statute is then repealed, the right is restored as of the date the repealer statute is enacted. Plaintiff's cause of action, therefore, accrued on the date on which N.J.S.A. 59:5-3 was repealed, July 8, 1988. The dismissal of plaintiff's complaint is reversed and the complaint is reinstated; the matter is remanded for further proceedings.