731 A.2d 109 (1999)
322 N.J. Super. 444
STATE of New Jersey, Plaintiff-Respondent,
v.
Allan MARAIN, Defendant-Appellant.
Superior Court of New Jersey, Appellate Division.
Argued June 15, 1999.
Decided June 29, 1999.
*110 Allan Marain, defendant-appellant pro se.
T.K. Shamy, Assistant City Attorney, cause for plaintiff-respondent (William J. Hamilton, Jr., City Attorney, attorney; Mr. Shamy, on the brief).
Before Judges Long, Kestin and Wefing.
The opinion of the court was delivered by KESTIN, J.A.D.
Defendant appeals from the Law Division judgment, on de novo on the record appeal, R. 3:23-8(a), adjudicating him guilty of violating a parking ordinance of the City of New Brunswick. Fines and costs totalling $32 previously ordered by the New Brunswick Municipal Court were reimposed, along with $7.75 costs on the de novo appeal. We affirm.
Defendant is an attorney practicing in New Brunswick but residing elsewhere. He challenges the validity, solely as a matter of statutory construction, of the New Brunswick ordinance limiting parking in certain areas to persons who possess resident permits. The argument is that
THE RESIDENT PARKING ONLY ORDINANCE ENACTED BY THE CITY OF NEW BRUNSWICK VIOLATES N.J.S. 39:3-42 AND IS THUS NULL AND VOID.
After reviewing the record in the light of the arguments advanced by the parties, we are in substantial agreement with the reasons for decision orally articulated by Judge Figarotta on May 27, 1994.
The nub of defendant's argument is that N.J.S.A. 39:3-42 confers exclusive authority on the State to "license or permit" the use or operation of motor vehicles, except as explicitly provided by statute or administrative leave; and that the ordinance in question, by regulating an essential aspect of motor vehicle useparking derogates that statutory principle. We note also, as Judge Figarotta did, that N.J.S.A. 39:4-8a invalidates any ordinance "regulating or governing traffic or traffic conditions" which has not been approved by the Commissioner of Transportation.
These statutes may not bear the unqualified reading that defendant proposes. See Librizzi v. Plunkett, 126 N.J.L. 17, 16 A.2d 280 (Sup.Ct.1940); Morristown-Madison Auto Bus Co. v. Borough of Madison, 85 N.J.L. 59, 88 A. 829 (Sup.Ct.1913). In any event, Judge Figarotta was manifestly correct in viewing them as having no direct connection with the municipality's power to regulate parking, which is based upon another statutory provision's explicit conferral of authority. See N.J.S.A. 39:4-8c.[*]
Where it is proposed that two or more existing statutes relating to similar subject matters are inconsistent, it is incumbent on a court to construe them, to the extent reasonably possible, so as to avoid a conflict. Oches v. Township of Middletown Police Dept., 155 N.J. 1, 5, 713 A.2d 993 (1998) ("When considering statutory provisions that relate to the same or similar subject matter, we will make every effort to reconcile those laws that appear to be in conflict and attempt to interpret them harmoniously."); Loboda v. Clark Twp., 40 N.J. 424, 435, 193 A.2d 97 (1963) (quoting Henninger v. Board of *111 Chosen Freeholders, County of Bergen, 3 N.J. 68, 71, 68 A.2d 833 (1949)); Sutherland, Statutory Construction § 51.02 (Norman J. Singer ed., 5th ed. 1992) ("Statutes for the same subject, although in apparent conflict, are construed to be in harmony if reasonably possible."). Thus, even in the terms propounded by defendant, a reasonable reading of N.J.S.A. 39:4-8c leads to the conclusion that it is one of the exceptions provided for by the very terms of N.J.S.A. 39:3-42.
We limit our review to questions of statutory construction only, as the trial court did, given defendant's express disavowal on the trial level of any constitutional challenge. To the extent any arguments before us in this appeal implicate principles of constitutional law or their application, defendant may not be heard to advance them by reason of his election not to argue them in the Law Division. See Nieder v. Royal Indem. Ins. Co., 62 N.J. 229, 234, 300 A.2d 142 (1973); State v. Mahoney, 226 N.J.Super. 617, 626, 545 A.2d 235 (App.Div.1988). We note, furthermore, that defendant makes arguments designed to persuade that restrictions on parking to residents only are unwise. Such arguments should be addressed to legislative bodies, not to courts.
Affirmed.
NOTES
[*] Although not pertinent to the instant case because it involves an amendment subsequent to the date of the violation under review, we note that N.J.S.A. 39:4-8c now expressly authorizes municipalities to "restrict" as well as "prohibit" or otherwise regulate parking.