THOMAS MORACA, INC., a corporation of the State of New Jersey, Appellant,

v.

J. B. EURELL COMPANY, a corporation of the Commonwealth of Pennsylvania.

No. 18110.

United States Court of Appeals, Third Circuit.

Argued Feb. 20, 1970.

Decided March 30, 1970.

David G. Eynon, McCord, Farrell, Eynon & Munyon, Haddonfield, N. J. (Sidney P. McCord, Jr., Haddonfield, N. J., on the brief), for appellant.

Arthur Montano, Kisselman, Devine, Deighan & Montano, Camden, N. J., for appellee.

Before KALODNER and VAN DUSEN, Circuit Judges, and FULLAM, District Judge.

## OPINION OF THE COURT

PER CURIAM.

The plaintiff Moraca was awarded a contract in 1962 for the construction of a school building in New Jersey. It in turn awarded a contract to the defendant Eurell for installation of a Tecktum or fire-block surface on a sloped roof of the school building, the job to be performed "in a thoroughly workmanlike manner." In October, 1963, one Giguere, an employee of Eurell, fell through an unguarded opening on the roof over which a skydome was to be installed by another subcontractor. Giguere died as a result of his injuries. His estate sued Moraca for damages, claiming negligence on Moraca's part in permitting the opening on the roof to remain unprotected by guard rails in violation of basic safety standards and the New Jersey building construction code.

Following a jury trial, presided over by Judge Cohen of the District of New Jersey, damages of $119,925 were assessed against Moraca and judgment was entered against it in that amount in the estate's favor. Moraca settled the judgment for $113,170 and then brought the instant action against Eurell for indemnification alleging "breach of warranties" to perform its subcontract "in a thoroughly workmanlike manner." This action was tried to Judge Cohen without a jury on the record as made in the trial of the estate's action against Moraca plus some additional testimony on the part of an expert adduced by Moraca.

Judge Cohen found in favor of Eurell and entered judgment in its favor against Moraca. In its Order of Judgment it specifically found that "the negligence of Thomas Moraca, Inc. * * * was primary, independent and separate negligence"; "the primary responsibility for protecting the opening through which the decedent in the previous case fell, was that of Thomas Moraca, Inc.";

"[p]laintiff, Thomas Moraca, Inc., has failed to establish that the work done by defendant, J. B. Eurell Company, was negligently performed so as to constitute a breach of its contract with Thomas Moraca, Inc."; and "[t]he primary, separate and independent negligence of Thomas Moraca, Inc., bars its right to indemnification against J. B. Eurell Company."

On review of the record we cannot say that the fact findings made by Judge Cohen were "clearly erroneous", or that he applied an erroneous legal standard in his disposition.

For the reasons stated the Order of Judgment filed by Judge Cohen on June 19, 1969, will be affirmed.