179 N.J. Super. 137 (1981)
430 A.2d 961
CITY OF JERSEY CITY, A MUNICIPAL CORPORATION, APPELLANT,
v.
JERSEY CITY POLICE OFFICERS' BENEVOLENT ASSOCIATION, RESPONDENT.
Superior Court of New Jersey, Appellate Division.
Submitted April 13, 1981.
Decided May 21, 1981.
*138 Before Judges ALLCORN, PRESSLER and FURMAN.
Louis P. Caroselli, Corporation Counsel, attorney for appellant (Edward M. Farynyk, Second Assistant Corporation Counsel, of counsel and on the brief).
Schneider, Cohn, Solomon & DiMarzio, attorneys for respondent (David Solomon on the brief).
Sidney H. Lehman, General Counsel, attorney for Public Employment Relations Commission (Don Horowitz, Deputy General Counsel, on the brief).
PER CURIAM.
The City of Jersey City and the Jersey City Police Officers' Benevolent Association entered into a collective negotiation agreement providing, among other things, for binding arbitration of the reasonableness of penalties imposed by the city upon policemen following departmental disciplinary hearings. The Public Employment Relations Commission (PERC), in its scope of negotiability proceeding, concluded that the question of the reasonableness of a disciplinary penalty is arbitrable. We disagree, and reverse that determination.
The matter of the discipline of the members of a municipal police department is plainly a subject of essential inherent managerial prerogative which has been delegated by the Legislature to the municipality and cannot be negotiated away by agreement by the municipality. Ridgefield Park Ed. Ass'n v. Ridgefield Park Bd. of Ed., 78 N.J. 144, 160 (1978). Similarly, the procedures for the review of such disciplinary matters have been statutorily mandated both in Civil Service communities and in nonCivil Service communities. See N.J.S.A. *139 11:22-24 and N.J.S.A. 40A:14-150, respectively. Such mandated statutory procedures may not be supplanted, modified or changed in any respect  such as submitting to grievance the reasonableness of a penalty imposed by the municipality. Bernards Tp. Bd of Ed. v. Bernards Tp. Ed. Ass'n, 79 N.J. 311, 325 (1979).
PERC, in reaching its contrary conclusion, relied on a footnote in the Supreme Court's opinion in West Windsor Tp. v. Public Employment Rel. Comm'n, 78 N.J. 98, 116, n. 4 (1978). We are satisfied, however, that nothing in West Windsor remotely suggests that a disciplinary penalty is either arbitrable or negotiable and we are further satisfied, in view of the clear holding of Bernards Tp., that nothing in West Windsor remains fairly construable as subjecting any other aspect of disciplinary proceedings to either the arbitration or negotiation process. As we understand the most recent pronouncements of the Supreme Court, all aspects of the local disciplinary process fall within the nonnegotiable and nonarbitrable sphere of managerial prerogative.
Reversed.