193 N.J. Super. 658 (1984)
475 A.2d 656
COMMUNICATIONS WORKERS OF AMERICA, AFL-CIO, APPELLANT,
v.
PUBLIC EMPLOYMENT RELATIONS COMMISSION AND CITY OF EAST ORANGE, RESPONDENTS. COUNTY OF ATLANTIC, APPELLANT,
v.
JERSEY NURSES ECONOMIC SECURITY ORGANIZATION, NEW JERSEY STATE NURSES ASSOCIATION, RESPONDENT. WILLINGBORO BOARD OF EDUCATION, APPELLANT,
v.
EMPLOYEES ASSOCIATION OF WILLINGBORO SCHOOLS, RESPONDENT. TOMS RIVER BOARD OF EDUCATION, APPELLANT,
v.
TOMS RIVER SCHOOLS BUS DRIVERS' ASSOCIATION, RESPONDENT. IN THE MATTER OF COUNTY OF MORRIS, APPELLANT,
v.
COUNCIL NO. 6, NEW JERSEY CIVIL SERVICE ASSOCIATION, RESPONDENT.
Superior Court of New Jersey, Appellate Division.
Argued and Submitted April 3, 1984.
Decided April 24, 1984.
*660 Before Judges MICHELS, KING and DREIER.
Steven P. Weissman argued the cause for appellant Communications Workers of America, AFL-CIO (Thomas S. Adair, of counsel; Steven P. Weissman, on the brief).
Martin R. Pachman argued the cause for appellant County of Atlantic (William Wallen, on the brief).
Barbour & Costa, attorneys for appellant Willingboro Board of Education (John T. Barbour, on the brief).
Gelzer, Kelaher & Shea, attorneys for appellant Toms River Board of Education (J. Michael Hartnett, on the brief).
Armand L. D'Agostino, attorney for appellant County of Morris (John J. Harper, on the brief).
Jacob Green argued the cause for respondent City of East Orange (Green & Dzwilewski, attorneys; Roger B. Jacobs, on the brief).
Robert A. Fagella argued the cause for respondent Jersey Nurses Economic Security Organization, New Jersey State Nurses Association (Zazzali, Zazzali & Kroll, attorneys; James R. Zazzali, of counsel; Kenneth I. Nowak, on the brief).
Selikoff & Cohen, attorneys for respondent Employees Association of Willingboro Schools (Steven R. Cohen of counsel and on the brief).
Starkey, Kelly, Blaney & White, attorneys for respondent Toms River Schools Bus Drivers' Association (James M. Blaney, on the brief).
Dan Horowitz, Deputy General Counsel, Office of the General Counsel, Public Employment Relations Commission, filed a statement in lieu of brief on behalf of the Commission.
The opinion of the court was delivered by: DREIER, J.A.D.
This court has before it five appeals from scope determinations of the Public Employment Relations Commission (PERC), *661 all raising similar issues. On the court's own motion the five above cases have been consolidated for the purpose of this opinion. Two cases were argued and three cases submitted on the briefs.
The issue before the Commission in all of the cases was whether discipline imposed by various public employers was arbitrable under N.J.S.A. 34:13A-5.3. PERC, exercising its jurisdiction under N.J.S.A. 34:13A-5.4(d), found in the East Orange case that discipline was non-arbitrable under State v. Local 195, IFPTE, 179 N.J. Super. 146 (App.Div. 1981), certif. den. 89 N.J. 433 (1982) and Jersey City v. Jersey City Police, etc. Ass'n, 179 N.J. Super. 137 (App.Div. 1981), certif. den. 89 N.J. 433 (1982). As a result of these decisions, however, N.J.S.A. 34:13A-5.3 was amended, effective July 30, 1982, to make "disciplinary review" negotiable and to provide that such review is a proper subject for binding arbitration. The amended act continued:
... The procedures agreed to by the parties may not replace or be inconsistent with any alternate statutory appeal procedure nor may they provide for binding arbitration of disputes involving the discipline of employees with statutory protection under tenure or civil service laws...
Following the amendment this court decided Bergen County Law Enforcement v. Bergen Cty Freeholder Bd., 191 N.J. Super. 319 (App.Div. 1983), after which the Atlantic County matter, also before us today, came before PERC for review. In that decision PERC overruled East Orange and found the dispute arbitrable. It stated:
We agree with the County that if we applied East Orange, the instant dispute would not be arbitrable. JNESO, however, has correctly referred the Commission to the decision of the Appellate Division of the Superior Court in Bergen County construing the wording and legislative history of the amendment to N.J.S.A. 34:13A-5.3 to allow binding arbitration of minor disciplinary determinations affecting Civil Service employees. The Court found that although these employees enjoyed certain protections under Civil Service laws and rules, they did not possess statutory protection with respect to a review of minor disciplinary determinations affecting them and that binding arbitration was a legal procedure for filling this gap. Accordingly, pursuant to Bergen County, we hold the instant dispute is arbitrable. (footnotes omitted).
*662 Similar rulings were made in the Willingboro Board of Education, Toms River Board of Education and the County of Morris cases.
The five cases raise different aspects of the problem initially reviewed in Bergen County. In Morris County, Atlantic County and East Orange we are asked to determine whether the statute covers Civil Service employees who have had minor disciplinary actions taken against them for which no appeal lies under the Civil Service laws. N.J.S.A. 11:2A-1. Bergen County squarely determined that the three-day penalty there under consideration was within the ambit of the amended statute. We have reviewed the arguments which have urged us to depart from Bergen County's holding, but we reject them. Neither the Governor's veto messages directed to earlier drafts of the amended act nor the amendment itself can stand against the argument that if the act did not apply to this minor discipline, non-Civil Service employees could bargain for binding arbitration, but Civil Service employees would be relegated to review of minor discipline in the Law Division by an action in lieu of prerogative writs. Romanowski v. Brick Twp., 185 N.J. Super. 197 (Law Div. 1982), aff'd o.b. 192 N.J. Super. 79 (App.Div. 1983). In such a proceeding, however, the function of the court is to determine only whether the local administrative action was arbitrary, capricious or unreasonable. The non-Civil Service employee would be entitled to a full de novo review. We cannot believe the Legislature intended such an incongruous result.
We determine, therefore, that N.J.S.A. 34:13A-5.3 permits binding arbitration in disciplinary actions not subject to review under the Civil Service or other tenure law.[1]
The next question, implicated in the Willingboro and Toms River Board of Education cases is whether untenured, non-Civil Service school board employees are covered by N.J. *663 S.A. 34:13A-5.3. We note initially, that the Commissioner of Education has the general jurisdiction "to hear and determine, without cost to the parties, all controversies and disputes arising under the school laws ..." N.J.S.A. 18A:6-9. The Supreme Court, however, in the so-called Dunellen trilogy; Dunellen Bd. of Ed. v. Dunellen Ed. Ass'n, 64 N.J. 17 (1973), Burlington Cty. College Faculty Ass'n v. Bd. of Trustees, 64 N.J. 10 (1973) and Englewood Bd. of Ed. v. Englewood Teachers Ass'n, 64 N.J. 1 (1973), found that cases involving public employer-employee labor relations should be reviewed by PERC at least as to scope of negotiations, rather than having the decision made by the Commissioner or his designee. Englewood Bd. of Ed. at 8-9. The review negotiated for by the parties is statutorily not "inconsistent with any alternate statutory appeal procedure" and the contract does not "provide for binding arbitration of disputes involving the discipline of employees with statutory protection under tenure or civil service laws." Therefore, under N.J.S.A. 34:13A-5.3 PERC properly determined that the disciplinary actions here fell within the scope of negotiability under the contract.
Lastly, the Willingboro, Morris County and Toms River cases raise the issue of whether the amended act should be retroactively applied to matters pending prior to its effective date, July 30, 1982. In Bergen County, this court applied the amended statute retroactively, but did not discuss the issue. We acknowledge that the general rule is that statutes are not to be applied retroactively subject to three exceptions. Gibbons v. Gibbons, 86 N.J. 515 (1981). The first exception is where the statute itself states or implies that retroactivity is intended (at 522); second, where the statute is ameliorative or curative, and lastly, if there is no legislative intent that the *664 statute is limited to prospective application, the expectations of the parties or similar considerations "may warrant retroactive application of a statute." (at 523). This statute is clearly "ameliorative or curative," giving the parties the right to bargain for a more expeditious and inexpensive method of resolving disciplinary disputes than instituting an action in the Law Division in lieu of prerogative writs. The statute permits arbitration when the parties have bargained for it; it forces nothing on the parties. In three of the five cases before us the parties specifically negotiated the standards of discipline, placing discipline within the grievance structure, and as noted earlier, in two cases they expressly did otherwise. Where the parties have sought the favored remedy of arbitration as the means of dispute resolution, the fact that the earlier law thwarted these expectations should not preclude us from applying the Legislature's ameliorative action to all pending cases.
For the reasons stated we affirm the scope determinations of PERC in all of the pending cases with the exception of East Orange, where we reverse for the reasons set forth by PERC in its Atlantic County opinion, as amplified by both Bergen County and our discussion in this opinion. We remand the East Orange decision to PERC for the entry of an order in conformity with this opinion. We do not retain jurisdiction.
NOTES
[1] In reviewing the contracts in question we note that, although not properly before PERC in this scope hearing, the contracts in both the Morris County and East Orange cases declared discipline to be a management prerogative and therefore not normally subject to the grievance procedure. In these two cases our holding that the scope of negotiations could cover this minor discipline would be at best a hollow victory.