210 N.J. Super. 248 (1985)
509 A.2d 316
RICKEY L. MILLER, PLAINTIFF,
v.
HALL BUILDING CORP., DEFENDANT/THIRD PARTY PLAINTIFF,
v.
BEE GEE MASONRY, INC., THIRD PARTY DEFENDANT AND DEFENDANT/THIRD PARTY PLAINTIFF,
v.
RAYMOND INTERNATIONAL, THIRD PARTY DEFENDANT.
Superior Court of New Jersey, Law Division Monmouth County.
Decided December 13, 1985.
*250 Joseph DeDonato, for defendant/third party plaintiff Hall Building Corp. (Morgan, Melhuish, Monahan, Arvidson, Abrutyn & Lisowski, attorneys).
Paul Mancuso, for third party defendant and third party plaintiff Bee Gee Masonry, Inc. (DiRienzo & Ruotolo, attorneys).
MILBERG, A.J.S.C.
Third-party defendant Bee Gee Masonry, Inc. seeks an Order for Summary Judgment on the grounds that defendant Hall Building Corporation's claims for contribution and indemnification are barred by statute and common law.
This action involves a claim for personal injuries sustained by plaintiff Rickey L. Miller on October 20, 1982 when he fell through an open skylight on the roof of a building under construction at the Earle Naval Weapons Station in Colts Neck, New Jersey.
At that time plaintiff was employed as a laborer by Bee Gee Masonry, Inc. Bee Gee had been hired by defendant Hall Building Corporation to perform the masonry work in connection with the construction of the building in question under an agreement executed on March 29, 1982.
Plaintiff brought a worker's compensation claim against Bee Gee and, on July 10, 1984, an Order of Judgment was entered awarding benefits to plaintiff under the Worker's Compensation Act.
On September 10, 1984, plaintiff commenced this action against Hall Building Corporation; Hall, in turn, filed a third-party complaint against Bee Gee asserting claims for contribution, common-law indemnification and contractual indemnification.
*251 Bee Gee now seeks summary judgment dismissing Hall's contribution claim on the ground that it is barred due to plaintiff's recovery of worker's compensation benefits; dismissing the common-law indemnification claim on the ground that Hall was actually liable; and dismissing the claim for contractual indemnification on the ground that the indemnity clause in the contract is unenforceable under N.J.S.A. 2A:40A-1, as that section existed at the time the contract was executed in 1982.
In opposition to the motion, Hall asserts that the indemnity clause is enforceable under N.J.S.A. 2A:40A-1 as it is presently written, and urges that the present section be given retroactive effect.
The facts are not in dispute. The sole question is whether Bee Gee Masonry is entitled to summary judgment as a matter of law.
It is well settled that a defendant in a tort action brought by an employee may not join the employer as a third-party defendant in order to seek contribution from him as a joint tortfeasor. See Public Service Electric & Gas Co. v. Waldroup, 38 N.J. Super. 419, 437 (App.Div. 1955); Arcell v. Ashland Chemical Co., 152 N.J. Super. 471, 483-484 (Law Div. 1977). To allow such a third-party claim would effectively hold the employer liable to the employee for negligence, which is expressly prohibited by the Worker's Compensation Act. Id. at 484.
For the same reason, a third party is not entitled to implied indemnification from the employer, Id. at 488-489 unless there exists a "special legal relationship" between the parties. See Hagen v. Koerner, 64 N.J. Super. 580 (App.Div. 1960). The contractual relationship between the parties is not enough, in itself, to establish the type of relationship from which an implied obligation to indemnify might arise. See Arcell, supra, 152 N.J. Super. at 490.
In any event, it is clear that Hall, as the general contractor, had the primary responsibility for protecting the opening *252 on the roof through which plaintiff fell. See Thomas Moraca, Inc. v. J.B. Burell Company, 423 F.2d 1209 (3d Cir.1970). Accordingly, Hall's liability, if any, would be primary; and it is well settled that indemnity may not be obtained by a party who has been at fault, absent an express indemnification agreement. Id.; see Cartel Capital Corp. v. Fireco of New Jersey, 81 N.J. 548, 566 (1980); Public Service Electric & Gas Co., supra, 38 N.J. Super. at 432.
What remains, then, is the express indemnification clause in the contract between Hall Building and Bee Gee Masonry. The clause provides that Bee Gee:
agrees to indemnify and save harmless the ... general contractor ... against loss or expense by reason of the liability imposed by law upon ... general contractor ... for damage because of bodily injuries ... accidentally sustained by a person . .. arising out of or on account of or in consequence of the performance of this Contract, whether or not such injuries to persons ... are due or claimed to be due to any negligence of the subcontractor....
At the time the contract was executed, N.J.S.A. 2A:40A-1 provided that "a ... promise ... relative to the construction... of a building ... purporting to indemnify or hold harmless the promisee against liability for damages arising out of bodily injury to persons or damage to property is against public policy and is void and unenforceable." The effect of this provision, enacted by L. 1981, c., 317, was to invalidate all hold harmless or indemnification clauses in construction contracts as against public policy. It is undisputed that the subject indemnity clause would be unenforceable under former Section 2A:40A-1.
However, the present section, as amended by L. 1983, c. 107 § 1 (eff. March 14, 1983), prohibits only those indemnification clauses which purport to indemnify for "the sole negligence of the promisee." Under the section as amended, therefore, the parties' indemnity clause clearly would be enforceable.
The issue, then, is whether the present Section 2A:40A-1 should be given retroactive effect, as Hall Building urges. No reported decision has addressed this question.
*253 The general rule of statutory construction favors the prospective application of statutes. Gibbons v. Gibbons, 86 N.J. 515, 521 (1981). There are, however, three exceptions which permit retroactive application of statutes or their amendments: (1) where the Legislature has expressly or implicitly indicated that the statute be applied retroactively, Id. at 522; (2) where the statute is ameliorative or curative, Id. at 523; and (3) in the absence of legislative intent that the statute is limited to prospective application, where such considerations as the expectations of the parties warrant retroactive applications, Id. See Communications Workers v. Public Employment Relations Commission, 193 N.J. Super. 658, 663-664 (App.Div. 1984).
Here, there is no expression of legislative intent that the amended statute be limited to prospective application. Rather, the legislative history demonstrates that the amendment was intended to improve the statutory scheme in existence and, indeed, to clarify the purpose behind the original enactment:
This bill amends a recently-enacted law, P.L. 1981, c. 317, which prohibits hold harmless clauses in construction contracts which indemnify the promisee for any damages regardless of the extent of his negligence. For example, an agreement between a property owner and a general contractor under the terms of which the general contractor agrees to hold the owner harmless from any and all liability as a result of the negligence or wrongdoing of the general contractor and/or the latter's subcontractors, is under the law against public policy and is void and unenforceable. It is the contention of Assembly Bill No. 590 that the present law as originally conceived was nothing more than prohibition to prevent indemnification against one's own negligence. However, as a result of Senate committee amendments to the original bill, certain conventional and proper hold-harmless clauses were prohibited.
* * * * * * * *
By way of background, the reason for these amendments follows: It has been a well settled principle, determined by the courts of this State, that there is no essential public policy impediment to certain hold harmless agreements. The principle derives from recognition that, ordinarily, the responsibility for risk of injury is shifted by the primary parties to insurance carriers, and the parties should be left to determine how the insurance burdens shall be distributed. In effect, it is an allocation of costs which, in practice, finds its way into the contract price.
*254 Assembly Judiciary, Law, Public Safety and Defense Committee Statement to Assembly, No. 590 of 1983 (emphasis supplied).
Hence, the new section falls, at least, under one of the three exceptions outlined in Gibbons v. Gibbons, supra  it is an ameliorative or curative enactment. As counsel for Hall Building correctly notes, the amended section actually mirrors the language of the Assembly Bill behind the original 1981 enactment. The new section merely resurrects the language deleted by the Senate in enacting former Section 2A:40A-1 and thereby restores conventional indemnity and "hold harmless" agreements to their former validity.
Additionally, retroactive application of the new section is warranted by the expectations of parties in a commercial setting that they are free to negotiate the allocation of tort liability, which allocation finds its way into the contract price. See Statement to Assembly, No. 590, supra; Ramos v. Browning Ferris Industries, 194 N.J. Super. 96, 101 (App.Div. 1984). Such was the case here. The indemnity clause was fully negotiated and was included in the contract price.
It cannot be seriously contended by Bee Gee that retroactive application of the amended section will work a "manifest injustice," see Gibbons v. Gibbons, supra, 86 N.J. at 523. Surely, there was no reliance by either party on the illegality of the clause at the time the contract was made. There appears to have been ignorance of the provisions of former Section 2A:40A-1 on both sides of the agreement. Thus, retroactive application of the amended section in this case merely fulfills the bargained-for expectations of the parties.
Accordingly, I find that present Section 2A:40A-1 applies retroactively in this case and that the subject indemnity clause is therefore valid and enforceable.[1]
*255 Bee Gee Masonry's motion for summary judgment on the issue of contractual indemnity is denied. However, partial summary judgment in favor of Bee Gee on the issues of joint-tortfeasor contribution and implied indemnity is granted.
Counsel for Hall Building will submit a proposed order in accordance with this opinion.
NOTES
[1] At oral argument, counsel for Bee Gee Masonry cited Peper v. Princeton University Board of Trustees, 77 N.J. 55 (1978), as being supportive of the position that the amended anti-indemnity statute should not be given retroactive effect. In that case, the Supreme Court held that the New Jersey Law Against Discrimination did not apply to private universities in their capacity as employers prior to its amendment in June 1977. The case was merely one of statutory interpretation. The issue of retroactive application was not squarely before the Court; yet the Court did note the general rule favoring prospective application of statutes. In any event, Peper predates Gibbons v. Gibbons, supra, wherein the Court clarified the exceptions to the general rule of statutory construction.