223 N.J. Super. 154 (1988)
538 A.2d 404
THOMAS GRIPPO, PLAINTIFF,
v.
SCHRENELL AND CO., DEFENDANT-APPELLANT, AND BROWN & MATTHEWS, INC., DEFENDANT-RESPONDENT, AND JOHN DOE AND TIMEPLEX, INC., DEFENDANTS.
Superior Court of New Jersey, Appellate Division.
Argued February 8, 1988.
Decided February 29, 1988.
*156 Before Judges J.H. COLEMAN, O'BRIEN and STERN.
Mark A. Clemente argued the cause for appellant.
Joseph DeDonato argued the cause for respondent Brown & Matthews, Inc. (Morgan, Melhuish, Monaghan, Arvidson, Abrutyn & Lisowski, attorneys; Joseph DeDonato of counsel and on the letter brief).
The opinion of the court was delivered by COLEMAN, J.H., P.J.A.D.
*157 This appeal raises the question of whether the 1983 amendment to N.J.S.A. 2A:40A-1, which removed the prohibition of all indemnification agreements in construction contracts, should be given prospective or retroactive application. The judge below applied the amendment retroactively. We now affirm.
Brown & Matthews, Inc. (Brown & Matthews) was the general contractor of a building under construction in Woodcliff Lakes which was owned by Timeplex, Inc. Brown & Matthews hired Schrenell and Co. (Schrenell) to install the plumbing at the construction site. As part of the contract between Brown & Matthews and Schrenell, which was dated January 14, 1982, Schrenell was required to pay for and maintain insurance that would fully protect Brown & Matthews, Timeplex, Inc. and Schrenell "from any other claims for damages which may arise from operations under this contract, whether such operations be by itself or by any subcontractor, or anyone directly or indirectly employed by either of them." The contract between Brown & Matthews and Schrenell also contained an indemnity clause which forms the basis for the present litigation. The indemnity clause stated:
The Subcontractor hereby agrees to save and indemnify and keep harmless Brown & Matthews and the Owner against all liability, claims and judgements [sic] or demands for damages arising from accidents to persons or property occasioned by the Subcontractor, its agents or employees, and against all claims or demands for damages arising from accidents to the Subcontractor, its agents or employees whether occasioned by said Subcontractor or its employees or by Brown & Matthews or by Owner or its employees or any other person or persons and the Subcontractor will defend any and all suits that may be brought against the Owner or Brown & Matthews on account of any such accident and will make good to and reimburse, Brown & Matthews and Owner for any expenditure that Owner or Brown & Matthews may make by reason of such accidents.
On May 27, 1982 plaintiff Thomas Grippo was employed as an electrician at the construction site. He worked for Allan Electric, the electrical contractor on the construction project. While walking backward pulling wire off a spool, plaintiff stepped into an eight inch by fifteen inch hole in a finished cement floor. *158 Grippo instituted the present suit in December 1982 against Schrenell, Brown & Matthews, Timeplex, Inc. and others not involved in this appeal. In January 1985 Brown & Matthews filed a motion to compel Schrenell to (1) assume the defense for Brown & Matthews, (2) indemnify Brown & Matthews from any and all liability, and (3) reimburse Brown & Matthews for previously expended attorneys fees and litigation expenses. On the return day of the motion, Schrenell argued that the indemnification agreement was unenforceable because it contravened N.J.S.A. 2A:40A-1 which prohibited indemnification clauses in construction contracts at the time the agreement was made in this case on January 14, 1982.
Judge Meehan decided the motion on February 1, 1985. He ruled that N.J.S.A. 2A:40A-1 had been amended by L. 1983, c. 107 § 1, effective March 14, 1983, and by virtue of that amendment the indemnification clause was valid. He gave retroactive application to the amendment. The judge declined to grant any part of the Brown & Matthews motion because discovery had not been completed and factual questions existed regarding who created the hole. An order dated March 5, 1985 embracing this ruling was filed.
In August 1985 Brown & Matthews renewed its motion seeking the same relief previously sought in the February 1, 1985 motion. By this time, discovery had been conducted. Brown & Matthews argued that no new facts had come to light concerning who dug the hole and since Schrenell had not established that someone else was responsible, Schrenell had to defend and indemnify Brown & Matthews. This motion was argued before Judge Van Tassel on September 13, 1985. Judge Van Tassel ruled that Schrenell had to defend and indemnify because plaintiff alleged that Schrenell created the hole. By order dated October 15, 1985 Judge Van Tassel required Schrenell to (1) assume the defense on behalf of Brown & Matthews and Timeplex, Inc., (2) indemnify those defendants for any liability that might arise, and (3) reimburse those defendants *159 for attorney fees and litigation expenses already incurred. We denied leave to appeal from the October 15, 1985 order.
Grippo settled the underlying action for $12,000. By release dated February 18, 1986, Grippo gave up all of his claims against Schrenell, Brown & Matthews and Timeplex, Inc. On February 28, 1986 Brown & Matthews sought to enforce the order of October 15, 1985. It alleged that it had incurred $11,032.01 in fees and expenses and that Schrenell had paid all but $2,144. The supporting papers set forth a detailed list of expenses and fees. The motion was unopposed. By order dated April 28, 1986 Judge Boggia awarded Brown & Matthews $11,032 pursuant to the order of October 15, 1985 with an appropriate credit for payments made.
On November 22, 1986 Brown & Matthews moved to enforce litigants' rights. Its attorney alleged that Schrenell had paid the settlement to plaintiff but had not fully reimbursed Brown & Matthews for attorneys' fees and litigation expenses. By order dated December 19, 1986 Judge Boggia again awarded Brown & Matthews $11,032 with appropriate credits and dismissed all other claims of all other parties with prejudice.
Schrenell has appealed from the orders of March 5, 1985, October 15, 1985 and December 19, 1986. Schrenell later filed an amended notice of appeal which modified the caption in the original notice of appeal. We now affirm in part and reverse in part.
First we address Schrenell's contention that the 1983 amendment to N.J.S.A. 2A:40A-1 should not have been applied retroactively. Schrenell argues that the judge had no reason to deviate from the general rule that statutes should be given prospective effect only. It points out that the Legislature never expressly stated that the amendment should be given retroactive application.
Brown & Matthews responds by arguing that the amendment was intended to clarify the original statute and was therefore a curative measure which should be applied retroactively. According *160 to Brown & Matthews, the legislative history makes clear that the original statute was intended to void only those clauses purporting to indemnify the indemnitee from the consequences of the indemnitee's sole negligence. It relies on Miller v. Hall Bldg. Corp., 210 N.J. Super. 248 (Law Div. 1985), where the amendment was applied retroactively.
As originally enacted, effective December 3, 1981, N.J.S.A. 2A:40A-1 stated:
A covenant, promise, agreement or understanding in, or in connection with or collateral to a contract, agreement or purchase order, relative to the construction, alteration, repair, maintenance, servicing, or security of a building, structure, highway, railroad, appurtenance and appliance, including moving, demolition, excavating, grading, clearing, site preparation or development of real property connected therewith, purporting to indemnify or hold harmless the promisee against liability for damages arising out of bodily injury to persons or damage to property is against public policy and is void and unenforceable; provided that this section shall not affect the validity of any insurance contract, workmen's compensation or agreement issued by an authorized insurer. [L. 1981, c. 317, § 1]
Following the 1983 amendment, N.J.S.A. 2A:40A-1 now reads:
A covenant, promise, agreement or understanding in, or in connection with or collateral to a contract, agreement or purchase order, relative to the construction, alteration, repair, maintenance, servicing, or security of a building, structure, highway, railroad, appurtenance and appliance, including moving, demolition, excavating, grading, clearing, site preparation or development of real property connected therewith, purporting to indemnify or hold harmless the promisee against liability for damages arising out of bodily injury to persons or damage to property caused by or resulting from the sole negligence of the promisee, his agents, or employees, is against public policy and is void and unenforceable; provided that this section shall not affect the validity of any insurance contract, workmen's compensation or agreement issued by an authorized insurer. [1983 Amendment indicated by underlining].
This statute, as originally introduced by Assemblyman Bornheimer on March 13, 1980 as Assembly Bill No. 1349, invalidated only those indemnity clauses which required indemnity for the sole negligence of the indemnitee. The sponsor's statement noted that it was increasingly common for indemnity clauses to be printed on forms, the effect of which was to shift liability in a casual manner. The sponsor thought this trend "particularly dangerous" because such agreements frequently shifted unintended *161 liability against those who might be unable to obtain insurance. Accordingly, the purpose of the bill was to "make void and unenforceable" those indemnity agreements "where liability is shifted for the sole negligence of the promisee."
As noted, N.J.S.A. 2A:40A-1 as originally enacted was effective December 3, 1981. By its terms it applied to contracts executed after its effective date. L. 1981, c. 317, § 4. The indemnification clause here involved is part of a contract made January 14, 1982 although it was signed sometime thereafter. Consequently, the indemnification clause at issue was illegal at the time it was made, and was also illegal at the time of Grippo's injury. However, it would be valid, as all parties agree, if the 1983 amendment is to be given retroactive application.
As a general rule, New Jersey courts favor prospective application of statutes. Gibbons v. Gibbons, 86 N.J. 515, 521 (1981). The reason is because retroactive application of new statutes involves a high risk of being unfair. Id. at 522. Furthermore, the Legislature is normally concerned with establishing future rules of conduct. 2 Sutherland, Statutory Construction (4 ed. 1986), § 41.01 at 337.
A statute may be applied retroactively, however, in three situations. First, the Legislature may expressly or impliedly desire retroactive application. Gibbons v. Gibbons, supra, 86 N.J. at 522. "This expression of legislative intent may be either express, that is, stated in the language of the statute or in the pertinent legislative history [citation omitted], or implied, that is, retroactive application may be necessary to make the statute workable or to give it the most sensible interpretation. [Citations omitted]." Ibid.
Second, a court may apply a statute retroactively if the statute is ameliorative or curative. Id. at 523. "A curative act is a statute passed to cure defects in prior law, or to validate legal proceedings, instruments, or acts of public and private administrative authorities." 2 Sutherland, supra, 41.11 at 410. *162 Generally, curative acts are necessary because of inadvertence or error in the original statute. Id. at 411.
The third circumstance identified by Gibbons as favoring retroactive application focuses on the expectations of the parties. Gibbons v. Gibbons, supra, 86 N.J. at 523. This is based on the view that: "One of the fundamental considerations of fairness recognized in every legal system is that settled expectations honestly arrived at with respect to substantial interests ought not be defeated." 2 Sutherland, supra, § 41.05 at 366.
Even where one of these circumstances exists, a statute will not be given retroactive application if that would result in manifest injustice to a party. Gibbons, supra, 86 N.J. at 523. "The essence of this inquiry is whether the affected party relied, to his or her prejudice, on the law that is now to be changed as a result of the retroactive application of the statute, and whether the consequences of this reliance are so deleterious and irrevocable that it would be unfair to apply the statute retroactively." Id., 523-524.
The court in Miller v. Hall Bldg. Corp., supra, relied heavily on Gibbons in concluding that the 1983 amendment should apply retroactively. The situation there was similar to that here; when the injured subcontractor's employee sued the general contractor for negligence the general contractor sought to enforce an indemnification clause against the subcontractor who employed the injured party. The indemnification agreement, similar to that here, contravened the original version of N.J.S.A. 2A:40A-1, but not the amended version. 210 N.J. Super. at 252. The Law Division viewed the legislative history as indicating that the Legislature intended to improve the statutory scheme and to clarify the purpose of the original enactment. Id. 253. The amendment was applied retroactively because it was an ameliorative or curative enactment. Id. 254. The court observed that "retroactive application of the new section is warranted by the expectations of parties in a commercial setting that they are free to negotiate the allocation of tort *163 liability, which allocation finds its way into the contract price." Ibid. The judge found that retroactive application would not work a manifest injustice because neither party relied on the illegality of the clause at the time the contract was made. Ibid. Rather, they were apparently ignorant of the new law. "Thus, retroactive application of the amended section in this case merely fulfills the bargained-for expectations of the parties." Ibid.
Some of the analysis in Miller was later found to be questionable. The "ameliorative or curative" exception to the rule of prospectivity was discussed at some length in Kendall v. Snedeker, 219 N.J. Super. 283 (App.Div. 1987). Judge Long first pointed out that "ameliorative and curative are not synonymous terms and ... they do not constitute one exception to the rule of prospectivity but two." Id. at 286. Kendall states that the ameliorative exception applies only in cases where an amendment has decreased a criminal penalty. Id. at 286-287. Under the curative exception, "an amendment to a statute can be given retroactive effect if it is designed merely to carry out or explain the intent of the original statute." Id. at 287. The curative exception, however, does not apply simply because the amendment attempts to improve on an existing statutory scheme. Id. at 289.
Thus, to the extent Miller treats ameliorative and curative amendments as synonymous and relies on "improvement" for retroactivity, it is inconsistent with Kendall. We nonetheless agree with the result reached in Miller. As the legislative history was made clear in Miller, the amendment was designed to cure an unanticipated effect of the original legislation, that is, banning all indemnification agreements in construction contracts. Undoubtedly, the original legislation was intended to void such clauses where both parties were negligent. The original legislation did not intend, however, to prohibit all indemnification agreements. The statement of the Assembly Judiciary, Law, Public Safety and Defense Committee *164 to the amendment rather strongly states that the original legislation was defective both to the extent that it totally banned indemnification agreements, and also to the extent that it prohibited indemnification agreements if both parties were negligent. As pointed out by the Committee Statement, our courts have long held that "there is no essential public policy impediment to certain hold harmless agreements."
As we observed in Buscaglia v. Owens-Corning Fiberglas, 68 N.J. Super. 508, 515 (App.Div. 1961), aff'd 36 N.J. 532 (1962), that for some time our courts have held that "indemnity clauses of construction contracts are to be viewed realistically as efforts by businessmen to allocate as between them the cost or expense of the risk of accidents apt to arise out of construction projects on a fairly predictable basis, rather than upon the generally debatable and indeterminate criteria as to whose negligence, if any, the accident was caused by, and to what degree." Accord, Doloughty v. Blanchard Const. Co., 139 N.J. Super. 110, 116 (Law Div. 1976). The statute as it now exists preserves that policy with one exception; the parties in a construction-related contract may no longer agree that the indemnitor shall indemnify the indemnitee for injuries caused by the sole negligence of the indemnitee.
The third exception cited by Gibbons, supra, the expectations of the parties, also calls for retroactive application here. The January 14, 1982 contract in this case came into existence less than six weeks after the December 3, 1981 effective date of the original legislation. Presumably the parties intended to be bound by their agreement and calculated the contract price on the assumption that Schrenell would procure and pay for insurance to cover the claims embraced by the indemnification clause. Giving the amendment prospective application only would defeat the expectations of both parties. Consequently, retroactive application of the 1983 amendments was proper in this case.
*165 Schrenell further contends that the order dated March 5, 1985, October 15, 1985 and December 19, 1986 requiring it to assume the defense on behalf of Brown & Matthews, Inc. and Timeplex, Inc. and to indemnify those defendants for any liability associated with the Grippo claim was improper before resolution of the factual dispute regarding whether Grippo's accident was "occasioned by" Schrenell. Ralph Schrenell, the president of Schrenell, has denied that Schrenell created the hole that caused Grippo to fall. Schrenell therefore argues that summary judgment enforcing the indemnification clause was error.
We fully agree with Schrenell's contention. Clearly, Ralph Schrenell's certification in opposition to the motion for summary judgment raised a genuine issue of material fact regarding the origin of the hole in which Grippo fell. Since it is undisputed that Grippo was not an employee or agent of Schrenell, Schrenell was obligated to defend and pay claims only "occasioned by" Schrenell. Therefore, summary judgment was not permitted in the face of a genuine issue of material fact regarding whether Schrenell created the hole in which Grippo fell. See Judson v. Peoples Bank & Trust Co. of Westfield, 17 N.J. 67, 73-75 (1954); R. 4:46.
We reject Brown & Matthews' contention that a mere allegation that Schrenell's work caused Grippo's accident triggers the obligation under the indemnification clause to indemnify and defend. It mistakenly relies on the line of cases which require an insurance company to defend its insured when a claim has been made against the insured alleging an injury from a risk insured against. See The Ohio Cas. Ins. Co. v. Flanagin, 44 N.J. 504, 511-512 (1965). The language in an insurance contract tends to be broader than the language involved here. Also, in a suit for declaratory judgment by the insured against the insurer all ambiguities are resolved against the company. Flanagin, supra, 44 N.J. at 513-514 quoting Mazzilli v. Acc. & Cas. Ins. Co. of Winterthur, 35 N.J. 1, 7-8 *166 (1961). Conversely, in this suit the contract language should be resolved against Brown & Matthews because it is both the drafter of the agreement and the indemnitee. If the indemnification agreement had said that Schrenell had to provide a defense in any case where any party alleged that the accident was occasioned by Schrenell, then Brown & Matthews would prevail. Not having included such language, Brown & Matthews is in a poor position to expect the court to make a better contract than it made for itself.
The order dated March 5, 1985 giving retroactive application to the 1983 amendments to N.J.S.A. 2A:40A-1 is affirmed. The orders dated October 15, 1985 and December 19, 1986 requiring indemnification are reversed. The matter is remanded to the Law Division, Bergen County for further proceedings not inconsistent with this opinion. We do not retain jurisdiction.