245 N.J. Super. 535 (1991)
586 A.2d 305
GARY SECALLUS, PLAINTIFF,
v.
JOSEPH L. MUSCARELLE, A/K/A JOSEPH L. MUSCARELLE AND SONS, INC., A NEW JERSEY CORPORATION, DEFENDANT-THIRD PARTY PLAINTIFF,
v.
STEEL STRUCTURES CORPORATION AND DOW JONES & CO., INC., THIRD-PARTY DEFENDANTS.
Superior Court of New Jersey, Appellate Division.
Submitted January 8, 1991.
Decided January 29, 1991.
*536 Before Judges ANTELL, SCALERA and KEEFE.
Brian Granstrand, attorney for third-party plaintiff (Donald M. Gesicki, on the brief).
Colquhoun & Colquhoun, attorneys for third-party defendant Steel Structures Corporation (Robert F. Colquhoun, II, on the brief).
The opinion of the court was delivered by ANTELL, P.J.A.D.
Plaintiff was employed by Steel Structures Corporation, a subcontractor on a building construction job of which defendant Joseph L. Muscarelle and Sons, Inc., was the general contractor. After plaintiff brought this negligence action against Muscarelle for a work-connected personal injury, Muscarelle filed a third-party complaint against Steel Structures for indemnification pursuant to Steel Structures's contractual obligation to indemnify Muscarelle against loss or expense for personal injury
sustained by any person or persons or on account of damage to property arising out of or in consequence of the performance of this Subcontract, whether such injuries to persons or damage to property are due or claimed to be due to any negligence of the Subcontractor, the Owner, the Contractor, its or their employees or agents or any other person.
Muscarelle now appeals from orders dated May 26, June 21 and June 29, 1989, granting summary judgment in favor of Steel Structures, denying Muscarelle's motion for summary judgment, and denying Muscarelle's motion for reconsideration.
*537 The orders under review were based upon N.J.S.A. 2A:40A-1. That statute provides:
A ... promise ... [or] agreement ... relative to the construction ... of a building ... purporting to indemnify or hold harmless the promisee against liability for damages arising out of bodily injury ... caused by or resulting from the sole negligence of the promisee ... is against public policy and is void and unenforceable; provided that this section shall not affect the validity of any insurance contract, workmen's compensation or agreement issued by an authorized insurer.
Muscarelle argues that the indemnification provision herein does not come within the invalidity language of the foregoing statute, relying upon Grippo v. Schrenell and Co., 223 N.J. Super. 154, 538 A.2d 404 (App.Div. 1988), and Miller v. Hall Bldg. Corp., 210 N.J. Super. 248, 509 A.2d 316 (Law Div. 1985). We agree and reverse.
In reaching its decision the trial court reasoned that because the contract purports to indemnify against liability resulting from the sole negligence of Muscarelle the entire indemnification provision is made void and unenforceable by the statute. We read the enactment differently. What it says is that the promise to indemnify against sole negligence is void. While the contractual provision herein requiring Steel Structures to indemnify for "any negligence" of Muscarelle clearly encompasses sole negligence, it also encompasses negligence for which Muscarelle is answerable jointly with others. Although the promise or agreement to indemnify for sole negligence is unenforceable, the indemnification agreement is viable as to Muscarelle's liability for damages caused in part by the negligence of others than Muscarelle.
The incongruity of our result does not escape us. What we have said is that a promise to indemnify for sole negligence is unenforceable, whereas a promise to indemnify for 99% negligence may be enforced. Yet this is precisely what is called for by the plain and unmistakable language of the statute by which we are bound. We must give effect to the unambiguous language employed by the Legislature. N.J.S.A. 1:1-1; Dixon v. Gassert, 26 N.J. 1, 9, 138 A.2d 14 (1958); *538 International Brotherhood of Electrical Workers v. Gillen, 174 N.J. Super. 326, 329, 416 A.2d 446 (App.Div. 1980).
In its present form N.J.S.A. 2A:40A-1 amends a predecessor statute that prohibited all indemnification provisions as violative of public policy. Grippo v. Schrenell and Co., 223 N.J. Super. at 160, 538 A.2d 404. The Assembly Committee Statement accompanying the amended law expressly recognizes that it would "effectively allow indemnification clauses where contributory negligence is involved." Further comments in the Statement suggest that the inequity the amendment addressed is of the kind where "an owner who hires a contractor to do construction on land may be liable for the entire amount of damages to an employee of the contractor even though the owner might only be 1% negligent because of the workers compensation immunity from suit which clothes the contractor." The law as written, however, does not indicate what degree of contributory negligence by the indemnitee might trigger the invalidation clause.[1] We can see no basis upon which to correct this seeming anomaly. The amended statute has now been in existence since 1983 and we must assume that it expresses the legislative intent.
It is far better to wait for necessary corrections by those authorized to make them, or, in fact, for them to remain unmade, however desirable they may be, than for judicial tribunals to transcend the just limits of their constitutional powers.
Railroad Comm'n v. Grand Trunk Western R. Co., 179 Ind. 255, 100 N.E. 852, 855 (Sup.Ct. 1913).
Steel Structures contends that Muscarelle has waived its right to appeal from the summary judgment because it settled plaintiff's claim by entry of a consent judgment. It rests its argument on the "principle that consent judgments are ordinarily not appealable." The argument misses the point that Muscarelle's appeal is not from the consent judgment in favor of *539 plaintiff, but from the summary judgment on the third-party complaint in favor of Steel Structures which was decidedly contested.
To the extent that the order under review grants summary judgment in favor of Steel Structures, it is reversed. The matter is remanded for trial on the third-party complaint subject to the defense that the indemnification provision is unenforceable as to Muscarelle's liability for damages resulting from plaintiff's personal injury caused by Muscarelle's sole negligence.
NOTES
[1] Possibly relevant in this respect for future legislative consideration is the Comparative Negligence Act, N.J.S.A. 2A:15-5.1 et seq.