651 A.2d 128

CONLON, ET AL., PLAINTIFFS, v. MIDDLESEX COUNTY DEPARTMENT OF CORRECTIONS, ET AL., DEFENDANTS.

Superior Court of New Jersey
Law Division Middlesex County

Decided July 29, 1994.

402

*Eric Aronowitz,* for defendants (*Edward Gross,* attorney).

*Michael Bukosky,* for plaintiffs (*Klatsky & Klatsky,* attorneys, *Mr. Bukosky,* on the brief).

CHAMBERS, J.S.C.

The primary issue in this case is whether minor disciplinary disputes involving civil service employees can be subject to binding arbitration.

This lawsuit has been commenced by plaintiffs Eugene Conlon, a Middlesex County Corrections Officer, and the Middlesex County Policeman's Benevolent Association, Local Number 152. Plaintiff Conlon is an officer and member in the union. As an employee of the Middlesex County Corrections Department, he is protected by the civil service laws.

The facts which give rise to this controversy are relatively straightforward. On July 21, 1993, Conlon was issued a memorandum from his superior, Captain John Tevoli, advising him that due

to fifteen used sick days, Conlon would thereafter be required to submit a doctor's note for every sick day used and the note must clearly state that he was unable to work that day. Less than a week later, on July 27, 1993, he reported in sick. He subsequently submitted a note dated July 27, 1993, from Princeton Allergy Associates stating that he had been to that office for medical treatment on July 27, 1993. The note did not state he was unable to work that day.

On July 28, 1993, Captain Tevoli, in a memorandum to the Deputy Warden, charged Conlon with insubordination for failure to submit a proper doctor's note. A minor disciplinary hearing was held on September 3, 1993, before Captain Kenneth Maretta. Conlon was represented by counsel at the hearing. On September 8, 1993, he was found guilty as charged and was suspended for two days (September 13 and 14, 1993).

On January 5, 1994, almost four months later, Conlon filed this action in lieu of prerogative writs against the Middlesex County Department of Corrections, August Marazo, John Tevoli, Kenneth Maretta, and the County of Middlesex to overturn the disciplinary action and alleging violations of § 1983 of the Civil Rights Act. 42 U.S.C.A. § 1983.

Defendants County of Middlesex and Middlesex County Department of Corrections seek to dismiss the complaint arguing that (1) plaintiffs failed to exhaust their administrative remedies and (2) the action in lieu of prerogative writs is out of time.

With respect to the claim that plaintiffs have failed to exhaust their administrative remedies, the New Jersey Court Rules provide that before an action in lieu of prerogative writs may be brought, all administrative remedies must be exhausted. The rule in question, R. 4:69–5, provides:

Except where it is manifest that the interest of justice requires otherwise, actions under R. 4:69 shall not be maintainable as long as there is available a right of review before an administrative agency which has not been exhausted.

In this case defendants maintain that Conlon has not exhausted his administrative remedies since he failed to follow the grievance

procedure in the collective bargaining agreement governing his employment.

The terms and conditions of Conlon's employment are governed by the collective bargaining agreement between Policemans Benevolent Association Local Number 152 and the County of Middlesex. The grievance procedure set forth in section 37.03 of the agreement includes four steps: (1) discussion between Policemans Benevolent Association representative and the superior officer; (2) written grievance to deputy warden or his designee; (3) written grievance to warden or his designee; and (4) written grievance to the personnel director. Section 37.04 provides that failure to submit a grievance to the next step constitutes withdrawal of the grievance. If the four step procedure does not resolve the grievance, the matter can then be submitted to binding arbitration pursuant to Section 37.05 of the agreement.

In this case plaintiff did not pursue his grievances to the warden, the personnel director and then to binding arbitration. As a result, defendants argue Conlon has not exhausted his administrative remedies and may not pursue an action in lieu of prerogative writ.

In response, plaintiffs contend that the grievance procedure is illegal and thus Conlon need not exhaust his administrative remedies to proceed with this action. Specifically, plaintiffs contend that the provision in the contract providing for binding arbitration of the dispute is unenforceable. Defendants disagree.

Plaintiffs maintain that the grievance procedure, including the binding arbitration procedure, is unenforceable, because it constitutes unlawful infringement of management's prerogative and because the New Jersey Employer–Employee Relations Act precludes arbitration of disciplinary disputes involving civil service employees.

Since this case involves an issue arising out of a collective bargaining agreement concerning a civil service employee, it is necessary to consult both the New Jersey Employer–Employee

Relations Act, *N.J.S.A.* 34:13A–1 to –21, and the Civil Service Act, *N.J.S.A.* 11A:1–1 to 11:12–6.

The so-called "discipline amendment" to the New Jersey Employer–Employee Relations Act made in 1982 generally permits binding arbitration of disciplinary disputes concerning public employees. That statute provides in pertinent part:

> Public employers shall negotiate written policies setting forth grievance and disciplinary review procedures by means of which their employees or representatives of employees may appeal the interpretation, application or violation of policies, agreements, and administrative decisions, including disciplinary determinations, affecting them, provided that such grievance and disciplinary review procedures shall be included in any agreement entered into between the public employer and the representative organization. Such grievance and disciplinary review procedures may provide for binding arbitration as a means for resolving disputes. The procedures agreed to by the parties may not replace or be inconsistent with any alternate statutory appeal procedure nor may they provide for binding arbitration of disputes involving the discipline of employees with statutory protection under tenure or civil service laws. Grievance and disciplinary review procedures established by agreement between the public employer and the representative organization shall be utilized for any dispute covered by the terms of such agreement.
>
> [*N.J.S.A.* 34:13A–5.3.]

Plaintiffs point to the language prohibiting binding arbitration for "disputes involving the discipline of the employees with statutory protection under . . . civil service laws" and argue, that, as a civil service employee, Conlon is not entitled to binding arbitration of any disciplinary dispute.

Defendants argue that the statute prohibits binding arbitration of only those disciplinary disputes where civil service laws provide protection. To understand this argument, it is necessary to know the distinction between major and minor disciplinary disputes involving civil service employees.

The civil service laws provide for an appeal procedure to the Merit System Board (the Board) for major disciplinary disputes (suspensions greater than five days) but not minor disciplinary disputes (suspensions five days or less). *N.J.S.A.* 11A:2–13. Specifically, the civil service laws provide for a hearing before the appointing authority or its designated representative, and, where

the penalty is a suspension greater than five days, an appeal to the Board, *N.J.S.A.* 11A:2–13, –14. In this case, since plaintiff was suspended for only two days, the discipline is considered minor, and there is no right of appeal to the Board under the civil service statute. *Ibid.* The defense thus argues that while major disciplinary action can not be subject to binding arbitration, where the discipline is minor, the civil service laws provide no protection and the matter can go to binding arbitration under the New Jersey Employer–Employee Relations Act.

Consistent with defendants' position, case law has interpreted the New Jersey Employer–Employee Relations Act's "discipline amendment" as permitting binding arbitration for minor disciplinary actions which are not subject to review under the civil service law. *Communications Workers of America, AFL–CIO v. Public Employment Relations Comm'n,* 193 *N.J.Super.* 658, 662, 475 *A.*2d 656 (App.Div.1984); *Bergen County Law Enforcement Group v. Board of Chosen Freeholders,* 191 *N.J.Super.* 319, 466 *A.*2d 963 (App.Div.1983). Indeed, in accordance with this case law, the civil service reform legislation passed in 1986 sets forth an appeal procedure for minor disciplinary disputes. The statute permits appeal to the Board or alternate procedures in the collective bargaining agreement. The statute provides:

> If a State employee receives a suspension or fine of five days or less, the employee may request review by the board under standards and procedures established by the board or appeal pursuant to an alternate appeal procedure where provided by a negotiated contract provision. If an employee of a political subdivision receives a suspension or fine of five days or less, the employee may request review under standards and procedures established by the political subdivision or appeal pursuant to an alternate appeal procedure where provided by a negotiated contract provision.
>
> [*N.J.S.A.* 11A:2–16.]

Based on the above case law and statute, it seems clear that an agreement for binding arbitration of minor disciplinary disputes involving civil service employees is enforceable. However, this conclusion has been put in jeopardy by *dicta* in the recent New Jersey Supreme Court decision of *State v. State Troopers Fraternal Ass'n,* 134 *N.J.* 393, 634 *A.*2d 478 (1993). The issue in that

case was whether the discipline amendment to the New Jersey Employer–Employee Relations Act, *N.J.S.A.* 34:13A–5.3, permitted binding arbitration of disciplinary determinations affecting state troopers. The Court found that it did not, noting that the legislative scheme governing the state police (who are not civil service employees) gives the superintendent of the state police the power and responsibility of disciplining troopers. *State Troopers, supra,* 134 *N.J.* at 414–19. The Court found that the issue of discipline for state troopers could not be delegated to an arbitrator under the statutory scheme.

This holding is not inconsistent with the law cited above. However, the Court further stated in *dicta:*

Although the issue is not before us, we consider highly questionable the holdings in *Communications Workers of America, AFL–CIO v. Public Employment Relations Commission,* 193 *N.J.Super.* 658, 475 *A.2d* 656 (App.Div.1984) and *Bergen County Law Enforcement Group v. Bergen County Board of Chosen Freeholders,* 191 *N.J.Super.,* 319, 466 *A.2d* 963 (App.Div.1983), that the discipline amendment authorizes binding arbitration of minor disciplinary actions for which no appeal lies under the Civil Service statutes. As noted, Governor Kean's conditional-veto message concerning Assembly Bill 706 explicitly had rejected the provisions of that bill permitting negotiation for binding arbitration of minor disciplinary disputes not covered by the tenure or Civil Service laws, recommending instead that such concerns be addressed by amending the tenure and Civil Service statutes.

[*State v. State Troopers Fraternal Association,* 134 *N.J.* at 413, 634 *A.2d* 478 (1993).]

This quotation discusses the discipline amendment. The Court did not address *N.J.S.A.* 11A:2–16, quoted above. That provision of the Civil Service Act permits alternate appeal procedures for minor disciplinary disputes involving civil service employee. Thus, it appears that the Governor's suggestion, as noted in the above quote, was followed, in that the change was made in the civil service laws.

In order to understand the significance of all of these statutes and case law, it is important to look at the chronology involved.

In 1981, prior to enactment of the discipline amendment (*N.J.S.A.* 34:13A–5.3) and the civil service reform legislation, the Appellate Division held in two cases that discipline of public employees was a matter of management prerogative and that an

agreement by a public employer to submit to binding arbitration disciplinary disputes was not enforceable. *Jersey City v. Police Officers' Ben. Ass'n,* 179 *N.J.Super.* 137, 430 *A.*2d 961 (App.Div. 1981), *certif. denied,* 89 *N.J.* 433, 446 *A.*2d 158 (1982); *State v. Local 195, 1FPTE,* 179 *N.J.Super.* 146, 430 *A.*2d 966 (App.Div. 1981), *certif. denied,* 89 *N.J.* 433, 446 *A.*2d 158 (1982). Thus, at this point, no collective bargaining for public employees, whether civil service or not, could provide for binding arbitration of a disciplinary dispute.

In explicit response to the *Local 195* decision, the Legislature enacted *N.J.S.A.* 34:13A-5.3, the "discipline amendment" to the Public Employees Relations Commission statute quoted above. That amendment, as originally passed, permitted binding arbitration of all disciplinary disputes involving public employees. The Governor, in his conditional veto message to the bill expressed approval of the general concept, but disapproved its application to employees protected by tenure or civil service laws. He indicated that changes in the disciplinary procedures involving those employees must be done in the context of reviewing the civil service and tenure statutes. On this point the Governor wrote:

This bill, however, goes too far in that it would permit, at the option of the employee, the procedures in the collective bargaining agreement to govern employees already protected by existing statutory appeal procedures, such as those under the tenure or civil service statutes. Where statutory mechanism exists, I believe, in the interest of uniformity, that it should be followed. Employees should not have the option of choosing the contract procedures in place of statutory ones.

The bill also would permit public employees with tenure or civil service protection to negotiate for binding arbitration of those minor disciplinary disputes which are not covered by the tenure or civil service laws. I recommend that changes in the disciplinary procedures involving employees with special statutory protection be done in the context of reviewing those statutes. The concern I would like addressed in this bill is the ability of those public employees who have no special statutory protectior to negotiate for meaningful review of disciplinary actions. None of the changes I propose, however, are intended to prevent negotiation of internal disciplinary procedures which do not result in binding arbitration provided those procedures do not replace any existing statutory mechanism.

[Governor Kean's Conditional–Veto Message to Assembly Bill 706, May 3, 1982.]

The bill was then amended and passed in accordance with the Governor's recommendations.[1] As a result, it would appear, that at that juncture it was the Legislature's and Governor's intention to preclude binding arbitration of both major and minor disciplinary disputes involving tenured or civil service employees.

Taking a different view of this legislative history, the Appellate Division in *Communications Workers, supra,* 193 *N.J.Super.* 658, 475 *A.*2d 656, and *Law Enforcement Group, supra,* 191 *N.J.Super.* 319, 466 *A.*2d 963, held that under the discipline amendment there could be binding arbitration of minor disciplinary disputes concerning tenured and civil service employees. As noted above, the Court in *State Troopers* found these two Appellate Division cases "highly questionable." *State Troopers, supra,* 134 *N.J.* at 413, 634 *A.*2d 478. However, the court in *State Troopers* did not address the 1986 Civil Service Act passed after these two decisions. *Ibid.*

In 1986, the Legislature repealed the former Civil Service Act and enacted the new Civil Service Act in its place. Among the provisions in the new act is *N.J.S.A.* 11A:2–16, quoted above, which permits collective bargaining agreements to include "an alternate appeal procedure" for minor disciplinary disputes involving civil service employees. Thus, the statutory change was made in the civil service law as the Governor recommended in his conditional veto message to the discipline amendment quoted above.

A review of the legislative history of the 1986 Civil Service Act indicates that in passing the legislation there was no intent to expand the scope of collective bargaining, although the public

---

[1] The Governor's conditional veto message recommended inclusion in the statute of the language now in dispute, namely the sentence which reads: "The procedures agreed to by the parties may not replace or be inconsistent with any alternative statutory appeal procedure nor may they provide for binding arbitration of disputes involving the discipline of employees with statutory protection under tenure or civil service laws." *Ibid.*

employees unions had hoped to do so.[2]   Repeatedly the statement is made in the Senate hearing on the legislation that scope of negotiation issues would not be addressed in the legislation.[3] Rather, the intent was to leave the law on scope of negotiation unchanged and to address that issue another time.   Accordingly, the statute expressly states that it is not designed to change any collective bargaining rights.   *N.J.S.A.* 11A:12–1 provides:

Any law or statute which is inconsistent with any of the provisions of this title are to the extent of the inconsistency hereby superseded, except that the title is not to be construed either to expand or to diminish collective negotiation rights existing under the "New Jersey Employer–Employee Relations Act," P.L.1941, c. 100 (C.34:13A–1 et seq.).

At the time the 1986 Civil Service Act was passed, *Communications Workers, supra,* and *Law Enforcement Group, supra,* had already been decided and were good law at that point.   Those cases had held that binding arbitration of minor disciplinary disputes involving tenured or civil service employees was permissible.   The 1986 Civil Service Act did not change this rule but essentially codified it in *N.J.S.A.* 11A:2–16.   The intent of the 1986 Civil Service Act was to preserve the status quo as it existed at that time, and the law at that time permitted minor disciplinary disputes concerning civil service employees to go to binding arbitration.   *N.J.S.A.* 11A:2–16 does that.

For all of these reasons this court finds that under state statute, civil service employees may enter into collective bargaining agree-

[2] *See* Statement of Robert Pursell of the Communication Workers of America seeking to have all disciplinary actions involving civil service employees to go to binding arbitration.   Transcript of Public Hearing before the Senate State Government, Federal and Interstate Relations, and Veterans' Affairs Committee on S–1567, S–1829 and A–2194 2nd OCR on May 27, 1986, p. 75.

[3] *See* Transcript of Public Hearing before the Senate State Government, Federal and Interstate Relations, and Veterans' Affairs Committee on S–1567, S–1829 and A–2194 2nd OCR on May 27, 1986.   Statements of Assemblyman Villane (sponsor of A–2194 2nd OCR) p. 28–29;   Commissioner Eugene McCaffrey at p. 45;   Senator Cardinale at p. 47;   and Robert Angelo from AFSCME at p. 140.

ments which provide for binding arbitration of minor disciplinary disputes, and those agreements are enforceable.

◼ As a result, the grievance procedure in plaintiffs' contract, including the provision permitting binding arbitration of minor disciplinary disputes, is enforceable. Plaintiff Conlon has failed to exhaust his administrative remedies by proceeding to binding arbitration and the prerogative writ action should be dismissed.

Even if this court were to find that in the interest of justice Conlon need not pursue his administrative remedies, his action is out of time. *R.* 4:69–6(a) provides:

No action in lieu of prerogative writs shall be commenced later than 45 days after the accrual of the right to the review, hearing or relief claimed, except as provided by paragraph (b) of this rule.

Subsection (c) of the rule permits the court to enlarge this time period "where it is manifest that the interest of justice so requires." The decision plaintiff is appealing was rendered on September 8, 1993, yet his action was not filed until January 5, 1994, almost four months later.

Plaintiff explains that the complaint contains a claim under 42 *U.S.C.A.* § 1983 which is timely. Plaintiff then argues that the case lends itself to treatment as an action in lieu of prerogative writs and that in the interests of justice, the court should permit the case to proceed as such. However, this argument provides no explanation as to why the action in lieu of prerogative writs was not brought in a timely manner, and apparently no valid explanation exists.

For all these reasons, the claims in the action in lieu of prerogative writs are dismissed. However, the civil rights claim can proceed on its own.